J-S63003-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD DALE HELMS, | |
| Appellant | No. 404 MDA 2014 |

Appeal from the PCRA Order February 4, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000395-2006, CP-06-CR-0002897-2006, CP-06-CR-0002898-2006, CP-06-CR-0004789-2006

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD D. HELMS, | |
| Appellant | No. 405 MDA 2014 |

Appeal from the PCRA Order February 4, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0002897-2006

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD DALE HELMS, SR., | |

J-S63003-14

Appeal from the Order Entered February 4, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002898-2006

COMMONWEALTH OF PENNSYLVANIA,

Appellee

v.

RICHARD DALE HELMS, SR.,

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 407 MDA 2014

Appeal from the Order Entered February 4, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004789-2006

BEFORE: BOWES, PANELLA, and PLATT,[*] JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 15, 2014**

Richard Dale Helms, Sr. appeals from the February 4, 2014 order denying PCRA relief. We reverse and remand for further proceedings.

Appellant was charged at four criminal actions, which were subsequently consolidated, with various crimes involving the sexual abuse of four young boys. During Appellant's direct appeal, we recited the factual basis for the charges:

---

[*]  Retired Senior Judge assigned to the Superior Court.

- 2 -

The charges filed at 395-06 arose out of allegations that Appellant sexually molested K.W. from the age of 11 until the age of 15. When K.W. was 11, he began visiting Appellant's farm to perform work on weekends and during summers when he was not in school. On occasion, K.W. spent the night at the farm, sleeping in a trailer behind Appellant's farmhouse. K.W. testified that he and Appellant slept in the same bed during these overnight visits. Two months after K.W. started visiting Appellant's farm, Appellant began fondling K.W.'s penis. In addition, six months after K.W.'s visits began, Appellant performed oral sex on K.W. and forced K.W. to perform oral sex on him. K.W. reported over 20 instances of molestation.

The charges filed at 2897-06 relate to allegations of Appellant's sexual abuse of A.S. According to the trial testimony, Appellant took A.S. to his farm when A.S. was under 11 years of age. On two occasions, Appellant lured A.S. into a bedroom and instructed him to remove his clothing and lie down on his stomach. Appellant then attempted to have anal intercourse with A.S. Although A.S. could not see Appellant's penis, A.S. felt pain inside and outside his buttocks.

Information 2898-06 involves Appellant's alleged molestation of S.S. who was then between six and eight years old. The testimony at trial showed that, on several occasions, Appellant took S.S. into his bedroom or the trailer behind his farmhouse, attempted to kiss S.S. on the lips or cheek, and performed oral sex on S.S. Information 2898-06 also encompasses an incident during which K.W. witnessed Appellant perform oral sex on K.W.'s nephew, T.G., who was three or four years old at the time.

Finally, the charges filed by the Commonwealth at 4789-06 related to allegations that Appellant molested a preschooler known as J.T. The Commonwealth's evidence at trial showed that, before J.T. was old enough to attend school, his mother dropped him off at Appellant's farm for childcare during the hours when she worked. On more than five occasions, Appellant took J.T. into a trailer, removed his clothing, and performed oral sex on him. J.T. reported Appellant's abuse after his mother told him not to let anyone touch him.

*Commonwealth v. Helms*, 998 A.2d 1012 (Pa.Super. 2010) (unpublished memorandum at 3-5).

On February 6, 2008, Appellant pled guilty to involuntary deviate sexual intercourse and endangering the welfare of a child as to each victim. Sentencing was deferred to permit an evaluation by the Sexual Offenders Assessment Board, and Appellant filed a pre-sentence motion to withdraw his plea. After the motion was granted and Appellant was permitted to change counsel twice, the four criminal cases proceeded to a jury trial.

On June 25, 2008, a jury found Appellant guilty of multiple sex offenses, and Appellant was sentenced to 124 years to 248 years incarceration. His original appeal was quashed as untimely, but Appellant successfully obtained reinstatement of his direct appeal rights. We affirmed and rejected allegations that the sentence was excessive, the trial court improperly permitted introduction at trial of Appellant's prior convictions involving sexual abuse, the trial court incorrectly applied the Rape Shield Law with respect to prior actions of victim K.W., and a continuance should have been granted. *Id*. Our Supreme Court denied allowance of appeal on October 13, 2010. *Commonwealth v. Helms*, 8 A.3d 898 (Pa. 2010).

Appellant filed a timely PCRA petition on September 14, 2011, and counsel was appointed. On January 10, 2014, PCRA counsel filed a no-merit letter and petition to withdraw. On January 10, 2014, the PCRA court allowed counsel to withdraw and issued a notice of its intent to dismiss the PCRA petition without a hearing. Appellant responded by filing an amended

- 4 -

PCRA petition, which was dismissed on February 4, 2014. This appeal followed. Appellant raises these contentions on appeal:

> A) Whether PCRA court erred when it denied Appellant[']s *pro se* motion to waive counsel and proceed *pro-se* without conducting a ***Grazier*** hearing[?].
>
> B) Whether PCRA court erred by failing to hold ***Grazier*** hearing to ensure that Appellant intelligently, knowingly and voluntarily waived his right to post conviction representation and failing to apply the six areas of inquiry under Pennsylvania Rules of Criminal Procedure Rule 121. . . .

Appellant's brief at i.

Initially, we note that our Supreme Court has observed that limited appellate review applies in the PCRA context. ***Commonwealth v. Spotz***, 84 A.3d 294 (Pa. 2014). As delineated in ***Commonwealth v. Feliciano***, 69 A.3d 1270, 1274-75 (Pa.Super. 2013) (citation omitted),

> Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. This Court treats the findings of the PCRA court with deference if the record supports those findings. It is an appellant's burden to persuade this Court that the PCRA court erred and that relief is due.

In this case, issue two is merely an iteration of the first one. The question is whether Appellant invoked his right to proceed *pro se* and should have been afforded a hearing to ensure a voluntary and knowing waiver of his right to counsel. The following procedural background is pertinent. In his September 14, 2011 *pro se* PCRA petition, Appellant averred that trial counsel was ineffective for failing to call defense witnesses, investigate medical records, and present mitigating evidence during sentencing. He also

said that he did not have a lawyer, could not afford one, and asked "the court to appoint a lawyer to represent me." PCRA Petition, 9/14/11, at 7. On September 22, 2011, Osmer S. Deming, Esquire, was appointed to represent Appellant. On five occasions, counsel requested continuances to either file an amended PCRA petition or no-merit letter, and these requests were granted. In the final order, which was entered July 1, 2013, the court granted counsel an extension until August 30, 2013, for counsel to file either a no-merit letter or amended petition. It also indicated that no further extensions would be granted.

On August 12, 2013, Appellant filed a motion seeking to represent himself. **See** Application for Self-Representation, 8/12/13. Appellant complained about counsel's lack of diligence in prosecuting the matter and also clearly and unequivocally expressed a desire to represent himself. **Id**. at ¶ 6 ("Defendant believes, and therefore avers that in the interest of Justice, and his own Interest, it would be better served by Self-Representation[.]"). He also sought a hearing pursuant to Pa.R.Crim.P. 121, which outlines the parameters of a waiver-of-counsel colloquy. **Id**. at ¶ 7. Additionally, Appellant filed a memorandum that contained the law supporting that he enjoyed a constitutional right to self-representation. **See** Memorandum of Law in Support of Application for Self Representation, 8/12/13.

On August 19, 2013, Appellant's request to proceed *pro se* was denied on the basis that counsel had been appointed and Appellant was not entitled

to hybrid representation. Appellant filed a *pro se* appeal from the August 19, 2013 order, and thereafter, a number of additional petitions asking to represent himself. That appeal was quashed on September 4, 2013. Appellant then sent a letter to the President Judge of Berks County complaining about the denial of his constitutional right to self-representation and the PCRA court's refusal to conduct the appropriate colloquy.

After these proceedings and well past the August 30, 2013 deadline, appointed counsel filed what purported to be a no-merit letter. In that document, counsel averred that he "sent a letter enclosing an Amended PCRA Petition to the Defendant." No-Merit Letter Pursuant to **Finley** and **Turner** Requesting Leave of Court to Withdraw as Counsel, 1/10/14, at 6. Counsel continued that, in the letter, counsel instructed Appellant to review the amended PCRA petition, sign the verification, and return the executed verification to counsel. Counsel reported that Appellant had failed to respond to the letter and return the verification. Counsel averred that he could no longer proceed without Appellant's cooperation, and he sought withdrawal on that basis.

The court granted the request to withdraw and cursorily examined the issues raised in the initial PCRA petition. It issued a notice of its intent to dismiss the PCRA petition without a hearing. Appellant responded by filing an amended PCRA petition reasserting his original issues and raising a

number of additional allegations of ineffective assistance of counsel. At that point, the court dismissed the PCRA proceeding.

The applicable law regarding the right to self-representation is as follows. "In all criminal prosecutions the accused has a right to be heard by himself and his counsel." 42 Pa.C.S. § 2501(b). The right to proceed *pro se* is not absolute. ***Commonwealth v. Clyburn***, 42 A.3d 296 (Pa.Super. 2012). Rather, a "defendant's request to proceed *pro se* must be timely and unequivocal, and not made for purpose of disruption or delay." ***Id***. at 299 (citing ***Commonwealth v. Davido***, 868 A.2d 431, 438 (Pa. 2005)). Additionally, the court must conduct an appropriate colloquy to ensure that the waiver of counsel is knowing, voluntary, and intelligent. ***Clyburn***, ***supra***.

Herein, the request to proceed *pro se* was absolutely clear and unequivocal. Appellant filed a petition seeking self-representation and an accompanying memorandum that provided legal citation referencing his constitutional right to do so. Appellant's request was also timely filed since, when the petition invoking the right to self-representation was filed, counsel had performed no action. Thus, the request was not interposed for delay; to the contrary, it was presented to advance this matter, which was languishing due to counsel's dilatory conduct.

Moreover, the PCRA court committed legal error when it denied Appellant that right. It denied the petition based upon the position that

Appellant had counsel and was not entitled to hybrid representation. However, Appellant was not seeking hybrid representation. He asked to represent himself and have counsel removed. The PCRA court further indicated in its Pa.R.A.P. 1925(a) opinion that Appellant's issues are moot since Appellant is now proceeding *pro se*. However, this issue is not moot because Appellant has never obtained proper review, in the first instance, of the issues raised in his **amended** PCRA petition, which counsel belatedly sought to file.

For two years, counsel failed to perform any action in this matter, except to file extensions. When Appellant repeatedly and emphatically asked to proceed *pro se* to file the amended PCRA petition that counsel was unable to complete, he was denied that right. In 2014, two and one-half years after the initial petition was filed, counsel obtained withdrawal based upon an utterly defective no-merit letter.

Specifically, **Commonwealth v. Turner,** 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley,** 550 A.2d 213 (Pa.Super. 1988) (*en banc*), govern the procedure for withdrawal of court-appointed counsel for purposes of post-conviction proceedings. "Independent review of the record by competent counsel is required before withdrawal is permitted" in the PCRA setting. **Commonwealth v. Widgins**, 29 A.3d 816, 817 (Pa.Super. 2011) (quoting **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009)). That independent review requires:

> 1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;
>
> 4) The PCRA court conducting its own independent review of the record; and
>
> 5) The PCRA court agreeing with counsel that the petition was meritless.

**Widgins**, **supra** at 818 (quoting **Pitts**, **supra** at 876 n.1).[1]

In this case, counsel neither outlined the parameters of his review of the record, nor did counsel provide any analysis of the merits of the issues raised in the initial PCRA petition and the amended PCRA petition. Instead, counsel stated that he was unable to discharge his duties due to Appellant's lack of cooperation. The letter indicates an amended PCRA petition was to be filed, and, thus, it actually supports that there were issues of arguable merit to raise before the PCRA court.

Accordingly, we reverse the denial of PCRA relief and remand for the conduct of a proper waiver-of-counsel colloquy. Appellant thereafter shall have the right to file an amended PCRA petition.

---

[1] There are additional requirements that are not pertinent herein. **See Commonwealth v. Widgins**, 29 A.3d 816, 818 (Pa.Super. 2011).

Order reversed. Case remanded with directions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2014