J-S43039-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LOVELL MARVELOUS JOHNSON | : | |
| | : | |
| Appellant | : | No. 82 WDA 2020 |

Appeal from the PCRA Order Entered December 20, 2019
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0000238-2018

BEFORE:  SHOGAN, J., STABILE, J., and KING, J.

MEMORANDUM BY KING, J.:                    FILED OCTOBER 15, 2020

Appellant, Lovell Marvelous Johnson, appeals from the order entered in the Erie County Court of Common Pleas, dismissing his first petition under the Post Conviction Relief Act ("PCRA").[1]  After careful review, we reverse and remand for reinstatement of Appellant's direct appeal rights nunc pro tunc.

The relevant facts and procedural history of this appeal are as follows. The Commonwealth charged Appellant with multiple offenses related to his participation in an armed robbery.  On January 14, 2019, Appellant entered a negotiated plea of nolo contendere to one count of conspiracy to commit robbery.  Following the completion of written and oral colloquies, the court accepted Appellant's plea and imposed the recommended sentence of six (6)

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

to twelve (12) years' imprisonment. Pursuant to the plea agreement, the Commonwealth withdrew the remaining charges.

Despite having appointed counsel,[2] Appellant submitted four pieces of pro se correspondence to the trial court between January 16, 2019 and January 24, 2019. Among other things, Appellant's pro se submissions: 1) requested the withdrawal of the nolo contendere plea; 2) alleged that plea counsel was ineffective; and 3) asked for information regarding the deadline for filing a notice of appeal. Pursuant to Pa.R.Crim.P. 576(A)(4), the clerk of courts docketed the pro se correspondence and forwarded it to plea counsel.

On February 4, 2019, plea counsel filed a motion to withdraw representation. Plea counsel asserted that Appellant's allegations of ineffectiveness against her were meritless. Based on these allegations, however, plea counsel requested permission to withdraw. Plea counsel also asked the court to accept Appellant's pro se correspondence as properly filed post-sentence motions. On February 5, 2019, the court permitted plea counsel to withdraw and accepted the pro se correspondence as timely filed post-sentence motions seeking the withdrawal of Appellant's plea. On February 7, 2019, the court denied the post-sentence motions. The court's

---

[2] On December 29, 2017, Appellant filed a pro se application for appointed counsel, certifying that he was unable to afford private counsel. Although the record does not contain a corresponding order disposing of the application, court-appointed counsel represented Appellant throughout the proceedings in the trial court. Further, this Court's docket continues to list Appellant as having in forma pauperis status.

order included the following notation regarding Appellant's right to counsel:

> [Appellant] has the right to assistance of counsel in the preparation of any appeal. If [Appellant] cannot afford an attorney, one will be appointed to represent him. An application can be obtained and filed with the Erie County Public Defender's Office ....

(Order, entered 2/7/19, at ¶2). The court took no further actions to determine whether Appellant desired to proceed pro se or with new counsel.

On February 19, 2019, Appellant submitted a pro se letter to the trial court inquiring about the assignment of new counsel. The clerk of courts docketed this letter, but the court did not issue a formal response. On March 4, 2019, Appellant filed a pro se motion for the appointment of counsel. The court denied Appellant's pro se motion on March 7, 2019, reiterating that he could apply for counsel through the public defender's office.

On April 4, 2019, Appellant filed a pro se motion explaining that the public defender's office could not represent him because it had represented his co-defendant. Before the court could address this motion, Appellant filed a pro se notice of appeal from his judgment of sentence on April 5, 2019. By order entered April 15, 2019, the court appointed new counsel ("direct appeal counsel") to represent Appellant on appeal. Direct appeal counsel subsequently filed a motion to quash Appellant's appeal as untimely, which this Court granted on August 19, 2019.

Despite the fact that he was still represented by direct appeal counsel, Appellant filed a pro se PCRA petition on September 3, 2019. Again, the clerk

of courts docketed the pro se petition and forwarded it to counsel. On September 10, 2019, direct appeal counsel filed a motion to withdraw representation, stating he filed the motion to quash the untimely appeal "so that [Appellant] could pursue a timely PCRA petition." (Motion, filed 9/10/19, at ¶2). That same day, the court granted the withdrawal motion, appointed current counsel ("PCRA counsel"), and directed PCRA counsel to file an amended PCRA petition.

On October 30, 2019, PCRA counsel filed an amended petition on Appellant's behalf. The amended petition alleged that Appellant asked plea counsel to pursue a direct appeal from the judgment of sentence, but plea counsel ignored Appellant's request. The PCRA court conducted an evidentiary hearing on December 17, 2019. Appellant and plea counsel both testified at the hearing. At the conclusion of the hearing, PCRA counsel raised an additional argument that "there was a gap in terms of [Appellant's] legal representation," from the time plea counsel withdrew until the court appointed direct appeal counsel. (N.T. Hearing, 12/17/19, at 46). PCRA counsel observed that the gap in representation deprived Appellant of the opportunity to file a timely notice of appeal. (See id.)

By order and opinion entered December 20, 2019, the court denied PCRA relief. Specifically, the court credited plea counsel's testimony that Appellant did not ask her to file a notice of appeal. Further, the court noted: "The February 7, 2019 order [denying Appellant's pro se post-sentence

motion] notified [Appellant] of the thirty day appeal period, and no act or failure to act by any attorney precluded him from perfecting a timely appeal." (Order and Opinion, entered 12/20/19, at 4).

Appellant timely filed a notice of appeal on January 16, 2020. On January 23, 2020, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on February 13, 2020.

Appellant now raises two issues for our review:

> Whether the [PCRA] court erred in failing to grant PCRA relief in the nature of reinstatement of appellate rights wherein Appellant satisfied his burden under [Commonwealth v. Lantzy, 558 Pa. 214, 736 A.2d 564 (1999)] or alternatively [plea] counsel failed to investigate or discern that Appellant's communications as to withdrawal of his pleas equated to the statement of an intention to exercise his appellate rights, which ultimately was not preserved by counsel?

> Whether the [trial] court erred in depriving Appellant of his right to counsel during a critical stage of the case in that the court permitted [plea counsel] to withdraw from the case yet then failed to timely appoint new counsel during the appeal period relating to the court denying Appellant leave to withdraw his no contest plea?

(Appellant's Brief at 2).

We begin by addressing Appellant's second issue, which is dispositive. Appellant argues the trial court's decision to allow plea counsel to withdraw "served to create a 'gap' in his continuing right to legal counsel during a critical stage" of the proceedings, and "the subsequent appointment of [direct appeal counsel] after some passage of time failed to ensure [A]ppellant's capacity to

- 5 -

exercise his appellate rights in a timely manner." (Id. at 8). Appellant concludes this Court must remand the matter for reinstatement of his direct appeal rights nunc pro tunc. We agree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. Commonwealth v. Conway, 14 A.3d 101 (Pa.Super. 2011), appeal denied, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the factual findings of the PCRA court if the record contains any support for those findings. Commonwealth v. Boyd, 923 A.2d 513 (Pa.Super. 2007), appeal denied, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. Commonwealth v. Ford, 44 A.3d 1190 (Pa.Super. 2012).

"A criminal defendant's right to counsel is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 and Article V, Section 9 of the Pennsylvania Constitution." Commonwealth v. Clyburn, 42 A.3d 296, 298 (Pa.Super. 2012).

> [T]he United States Supreme Court has consistently held that the Sixth Amendment right to counsel does not attach until a prosecution is commenced, i.e., until the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.
>
> Once attachment of the Sixth Amendment right to counsel has occurred, the accused at least is entitled to the presence of appointed counsel during any 'critical stage' of the post[-]attachment proceedings.

Commonwealth v. Padilla, 622 Pa. 449, 474-75, 80 A.3d 1238, 1252-53 (2013), certiorari denied, 573 U.S. 907, 134 S.Ct. 2725, 189 L.Ed.2d 769 (2014) (internal citations and quotation marks omitted). "The direct appeal is such a critical stage." Commonwealth v. Franklin, 823 A.2d 906, 909 (Pa.Super. 2003).

Additionally, Pennsylvania Rule of Criminal Procedure 120 states: "An attorney who has been retained or appointed by the court shall continue such representation through direct appeal or until granted leave to withdraw by the court pursuant to paragraph (B)." Pa.R.Crim.P. 120(A)(4). Counsel may withdraw by filing a motion with the clerk of courts. Pa.R.Crim.P. 120(B)(2)(a). Nevertheless, Rule 120 also requires:

> (3) Upon granting leave to withdraw, the court shall determine whether new counsel is entering an appearance, new counsel is being appointed to represent the defendant, or the defendant is proceeding without counsel.

Pa.R.Crim.P. 120(B)(3) (emphasis added). The Comment to Rule 120 explains:

> The court must make a determination of the status of a case before permitting counsel to withdraw. Although there are many factors considered by the court in determining whether there is good cause to permit the withdrawal of counsel, when granting leave, the court should determine whether new counsel will be stepping in or the defendant is proceeding without counsel, and that the change in attorneys will not delay the proceedings or prejudice the defendant, particularly concerning time limits.

Pa.R.Crim.P. 120—Comment.

Where a defendant is entitled to counsel, either constitutionally or rule-

based, a colloquy is required to make certain that any waiver of the right or entitlement is voluntary, knowing, and intelligent. See Pa.R.Crim.P. 121 (setting forth procedure judge must follow to ensure waiver of counsel is knowing, voluntary, and intelligent). See also Commonwealth v. Neal, 563 A.2d 1236, 1243 (Pa.Super. 1989), appeal denied, 525 Pa. 597, 575 A.2d 564 (1990) (holding trial court denied defendant his constitutional right to counsel by dismissing public defender and forcing defendant to proceed pro se; defendant "was literally forced by the court to represent himself without being apprised of the consequences and pitfalls thereof"); Commonwealth v. Brown, 476 A.2d 381, 388 (Pa.Super. 1984) (holding defendant did not waive right to counsel where he was unable to afford attorney and court did not conduct "penetrating and comprehensive examination" of all circumstances pertaining to any waiver of right to counsel).

Instantly, plea counsel filed a motion to withdraw representation after the court imposed Appellant's sentence. The court subsequently permitted plea counsel to withdraw without determining whether it needed to appoint new counsel or whether Appellant wanted to proceed pro se. See Pa.R.Crim.P. 120(B)(3), Comment. Instead, the court burdened Appellant with the task of contacting the public defender's office, despite Appellant's filing of a pro se motion for the appointment of new counsel. Moreover, the court compounded its error by failing to conduct a colloquy before forcing Appellant to proceed pro se during the period for filing a timely notice of appeal. See Pa.R.Crim.P.

121.

The court's non-compliance with Rule 120 effectively foreclosed direct appeal and amounted to a denial of counsel. Compare Commonwealth v. Mikell, 968 A.2d 779, 781 (Pa.Super. 2009), appeal denied, 604 Pa. 688, 985 A.2d 971 (2009) (reiterating "an accused who is deprived entirely of his right of direct appeal by counsel's failure to perfect an appeal is per se without the effective assistance of counsel, and is entitled to reinstatement of his direct appellate rights"). Thus, the court erred in permitting plea counsel to withdraw without complying with Rule 120(B)(3). Accordingly, we reverse and remand for reinstatement of Appellant's direct appeal rights nunc pro tunc.[3]

Order reversed; case remanded with instructions. Jurisdiction is relinquished.

_____

[3] On September 17, 2020, Appellant filed a pro se application for appointment of counsel with this Court. In his application, Appellant claims PCRA counsel failed to: 1) correspond with Appellant; 2) file certain motions requested by Appellant; and 3) make reasonable efforts to litigate Appellant's PCRA claims. In light of our disposition, and mindful of judicial economy, we deny Appellant's application without prejudice to his ability to re-raise his arguments upon remand.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/15/2020</u>