J-S28022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARKESE DENASHAWN LAMPLEY | : | |
| | : | |
| Appellant | : | No. 693 WDA 2022 |

Appeal from the Judgment of Sentence Entered August 18, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000597-2020

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: NOVEMBER 28, 2023**

Appellant, Markese Denashawn Lampley, appeals from the August 18, 2021 judgment of sentence entered in the Court of Common Pleas of Erie County that imposed an aggregate sentence of life imprisonment without the possibility of parole to be followed by 13 to 44 years' incarceration.  We are constrained to remand this case for an evidentiary hearing in accordance with this memorandum.

The trial court summarized the procedural history as follows:

On April 15, 2020, the [Commonwealth] by way of information, charged Appellant with [numerous criminal offenses under the Crimes Code and several summary offenses under the Vehicle Code for events occurring on January 25, 2020.]  On August 7, 2020, Appellant through appointed counsel, Bruce G. Sandmeyer, Esquire, [("Attorney Sandmeyer")] filed an *omnibus* pre[-]trial motion seeking a change of venue, a change of venire, [] a []motion for dismiss[al,] and [a petition for] *writ* of *habeas*

_____

[*] Former Justice specially assigned to the Superior Court.

*corpus*.[]  Appellant's motions were denied on August 31, 2020. On November 2, 2020, Appellant privately retained Jason E. Nard, Esquire [("Attorney Nard")].  On June 16, 2021, a status conference was held to discuss the motion *in limine* that was filed by Attorney Nard, on behalf of Appellant, seeking to exclude photographs of the deceased victim, photographs taken at the victim's autopsy, and a letter written by Appellant to [a] magisterial district judge[.]  Prior to the hearing, the Commonwealth filed a response to [Appellant's] motion in limine regarding the letter to [the] magisterial district judge[.]  The [trial] court determined that the letter was admissible under Pennsylvania Rule[] of Evidence [] 901(b)(4) and incorporated the Commonwealth's legal arguments in its order.  [On] June 17, 2021, the Commonwealth filed a motion to amend information seeking to withdraw [several criminal charges] and also to amend a spelling error of the last name of the deceased victim[.  That same day, the trial] court granted the Commonwealth's motion.

With the jury trial quickly approaching, on June 16, 2021, Attorney Nard informed the [trial] court that Appellant unexpectedly decided he wanted to proceed *pro se* at trial.  On June 21, 2021, [the trial] court held a ***Grazier***[1] hearing.  At the hearing, the [trial] court provided a brief summary of the history of the case. Attorney Nard stated he met with Appellant on Wednesday, June 16, 2021, and was informed Appellant no longer wished to retain his services.  Appellant provided the [trial] court with a "*Pro Se* Notice" and requested he be addressed as ["]Mileage Galor Bey["]. Attorney Nard stated that Appellant had been cooperative throughout the entirety of the proceedings since [Attorney Nard] was retained in November 2020[,] until June 16, 2021.  Four [] days before the start of his trial, Appellant proclaimed himself to be a sovereign citizen and incorrectly stated the [trial] court lacked authority and jurisdiction over him.  After an exhaustive colloquy with Appellant, the [trial] court found that Appellant knowingly, voluntarily, and intelligently, relinquished his right to be represented by counsel.  Appellant even stated to the [trial] court that: "it's my choice."  Once satisfied with Appellant's waiver, the [trial] court appointed Attorney Nard to act as standby counsel.  Appellant agreed with the appointment of Attorney Nard

---

[1] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

as standby counsel. The trial started with jury selection on June 24, 2021.

On July 2, 2021, after a four-day jury trial, Appellant was found guilty of murder in the second degree[ (Count 2), 3] counts of aggravated assault[ - serious bodily injury (Counts 3 - 5)], robbery[ - inflicts serious bodily injury (Count 6),] possessing instruments of crime (Count 11), 2] counts of simple assault[ - fear of imminent serious bodily injury (Counts 13 and 14), 6] counts of recklessly endangering another person[ (Counts 15 – 18, 20 and 21) and fleeing or attempting to elude police officer (Count 10).[2]] Additionally, the [trial] court found Appellant guilty of [10] summary motor vehicle offenses.[3]

On August 18, 2021, after consideration of the pre[-]sentence [investigation] report, 42 Pa.C.S.A. § 9721(b) regarding rehabilitation potential, the gravity of the offense, the impact on the community[ and] the victims, [the] need to protect the public, and the sentencing guidelines, the [trial] court [imposed], *inter alia*, a sentence of life in prison without parole and 13 to [44] years[' incarceration, with the aggregate term of incarceration imposed at Counts 3 - 6, 10, 11, 13 – 18, 20, and 21 set to run consecutively] to the sentence of life [in prison imposed] at Count 2.[4]

_____

[2] 18 Pa.C.S.A. §§ 2502(b), 2702(a)(1), 3701(a)(1)(i), 907(b), 2701(a)(3), 2705, as well as 75 Pa.C.S.A. § 3733(a), respectively.

[3] The 10 summary offenses were unauthorized transfer or use of registration (Count 22), traffic-control signals – steady red indication (Count 24), driving on right side of roadway (Count 25), driving on roadways laned for traffic – driving within single lane (Count 26), stop signs and yield signs – duties at stop signs (Count 27), turning movements and required signals (Count 28), driving vehicle at safe speed (Count 29), careless driving (Count 30), reckless driving (Count 31), and windshield obstructions and wipers – sun screening and other materials prohibited (Count 32). 75 Pa.C.S.A. §§ 1372(3), 3112(a)(3)(i), 3301(a), 3309(1), 3323(b), 3334(a), 3361, 3714(a), 3736(a), and 4524(e)(1), respectively.

[4] On Count 2, Appellant was sentenced to life without the possibility of parole. Count 3 merged with Count 2 for sentencing purposes. On Count 4, Appellant was sentenced to 54 to 120 months' incarceration with the sentence set to

_____

run consecutively to the sentence imposed on Count 2.  On Count 5, Appellant was sentenced to 54 to 120 months' incarceration with the sentence set to run consecutively to the sentence imposed on Count 4.  Count 6 merged with Count 2 for sentencing purposes.  On Count 10, Appellant was sentenced to 9 to 84 months' incarceration with the sentence set to run consecutively to the sentence imposed on Count 5.  On Count 11, Appellant was sentenced to 3 to 60 months' incarceration with the sentence set to run consecutively to the sentence imposed on Count 10.  Count 13 merged with Count 5 for sentencing purposes.  Count 14 merged with Count 4 for sentencing purposes.  On Count 15, Appellant was sentenced to 6 to 24 months' incarceration with the sentence set to run consecutively to the sentence imposed on Count 11.  On Count 16, Appellant was sentenced to 6 to 24 months' incarceration with the sentence set to run consecutively to the sentence imposed on Count 15.  On Count 17, Appellant was sentenced to 6 to 24 months' incarceration with the sentence set to run consecutively to the sentence imposed on Count 16.  On Count 18, Appellant was sentenced to 6 to 24 months' incarceration with the sentence set to run consecutively to the sentence imposed on Count 17.  On Count 20, Appellant was sentenced to 6 to 24 months' incarceration with the sentence set to run consecutively to the sentence imposed on Count 18.  On Count 21, Appellant was sentenced to 6 to 24 months' incarceration with the sentence set to run consecutively to the sentence imposed on Count 20.  The trial court did not impose a term of incarceration on Counts 22 to 29 and on Counts 31 and 32, but did impose a fine of $25.00 each on Counts 22 to 29 and on Count 32.  The trial court imposed a $200.00 fine on Count 31.  The aggregate fine imposed was $400.00  Count 30 merged with Count 21 for sentencing purposes.  Appellant received credit for 303 days for time already served.  As part of his sentence, Appellant was ordered to pay the costs of prosecution and restitution in the amount of $28,766.58.

We note that at the sentencing hearing, the trial court, in imposing its sentence on Count 5, stated that the sentence was set to run consecutively to the sentence imposed on Count 2.  N.T., 8/18/21, at 67-68.  The sentencing order states that the sentence imposed on Count 5 is set to run consecutively to the sentence imposed on Count 4.  It is clear from a review of the sentencing order, as well as the sentencing hearing notes of testimony, that the trial court intended each sentence to run consecutively to the sentence imposed on the prior count.  *See* Sentencing Order, 8/18/21; *see also* N.T., 8/18/21,at 67-70.  Moreover, "[i]n Pennsylvania, the text of the sentencing order, and not the statements a trial court makes about a defendant's sentence, is determinative of the [trial] court's sentencing intentions and the sentence imposed."  *Commonwealth v. Borrin*, 80 A.3d 1219, 1226 (Pa.

- 4 -

On August 30, 2021, Appellant filed a post-sentence motion claiming that because he was a sovereign citizen[,] the [trial] court lack[ed] jurisdiction over him, and asserted what the [trial] court gleaned as challenges to the judgment of sentence imposed by the [trial] court on August 18, 2021. On September 2, 2021, the [trial] court [denied] Appellant's [post-sentence motion. In so doing, the trial] court held that Appellant's sovereign citizen claim was frivolous and his other claims lacked legal merit. On September 7, 2021, Appellant filed [*pro se*] a "Notice Requesting Leave to Supplement Post-Sentence Notice for New Trial" dated September 6, 2021. Appellant alleged the Commonwealth never filed a motion to amend the criminal information and added additional charges, violating [Pennsylvania Rule of Criminal Procedure] 564. The [trial] court found Appellant's claims to be "factually inaccurate" as the Commonwealth did file a motion to amend the information on June 17, 2021, and no new charges were added. In fact, the Commonwealth withdrew several charges. Consequently, Appellant's motion was denied.

On May 6, 2022, Appellant filed a "Motion to Reinstate Appellate Rights *Nunc Pro Tunc*." Due to the unique facts surrounding this case (Appellant proceeding *pro se* at trial and claiming sovereign citizenship) and out of deference to Appellant, [the trial] court granted Appellant's motion. Appellant filed his "Statement of Matters Complained of on Appeal Pursuant to [Pennsylvania Rule of Appellate Procedure] 1925(b)" and alleged the weight and sufficiency of the evidence were insufficient to support the verdicts. During this time, Appellant was proceeding *pro se*. Under directive from [this Court, the trial] court held a ***Grazier*** hearing in order to determine whether Appellant wished to continue his appeal *pro se*. Appellant immediately requested to be assisted by counsel, and [on] July 20, 2022, [the trial] appointed Jessica A. Fiscus, Esquire [("Attorney Fiscus")].

---

2013). As such, Appellant's aggregate sentence was life without the possibility of parole to be followed by 13 to 44 years' incarceration.

Trial Court Opinion, 12/15/22, at 1-5 (record citations, footnotes, original brackets, and extraneous capitalization omitted).

Appellant raises the following issues for our review:

[1.] Did the trial court err when it permitted Appellant to proceed *pro se* at the time of trial where the waiver colloquy does not reveal that Appellant made a knowing, voluntary, and intelligent waiver of counsel?

[2.] Did the trial court violate Appellant's federal and state constitutional right to self-representation when it adopted a practice of standby counsel acting as a "liaison" for Appellant at multiple sidebars and in-chambers discussions rather than allowing Appellant to speak for and represent himself as, on many of these occasions, the trial court received evidence, heard argument, [or] made decisions on evidentiary issues [or] issues affecting Appellant's fundamental rights as an accused person?

[3.] Is the evidence insufficient to sustain the convictions for aggravated assault, as to Kayla Hanas and Jacelyn Anderson, where the evidence of record, viewed in the light most favorable to the Commonwealth, did not demonstrate that Appellant had the specific intent to inflict serious bodily injury on either of them?

Appellant's Brief at 11 (extraneous capitalization omitted).[5]

In his first issue, Appellant asserts that his waiver of counsel was not knowingly, voluntarily, or intelligently provided because the "trial court clearly did not comply with the minimum, mandatory requirements of [Pennsylvania Rule of Criminal Procedure 121]" in conducting the waiver of counsel colloquy. *Id.* at 46. In particular, Appellant contends that (1) "the trial court never

_____

[5] For ease of disposition, Appellant's issues have been reorganized.

- 6 -

outlined the elements of the crimes [for which he was charged] in the colloquy" as required by Rule 121(A)(2)(b); (2) the trial court "never indicated that Appellant had the right to have free counsel appointed if he [were] indigent" as required by Rule 121(A)(2)(a); (3) trial court failed to advise Appellant that he may lose many rights permanently if not timely asserted as required by Rule 121(A)(2)(f); and (4) "the trial court did not identify with any particularity the summary offenses charged, incorrectly stated that [Appellant] faced ten rather than eleven [summary offenses], and did not identify the maximum fine[s permitted] by statute" as required by Rule 121(A)(2)(b).

Because Appellant's claims require us to interpret Rule 121 and its colloquy requirements, these claims present a question of law for which our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Phillips***, 141 A.3d 512, 518 (Pa. Super. 2016), *appeal denied*, 161 A.3d 796 (Pa. 2016). It is well-established that

> an accused has a constitutional right to counsel during trial. While an accused may waive his constitutional right, such a waiver must be the free and unconstrained choice of its maker[] and also must be made knowingly and intelligently[.] To be a knowing and intelligent waiver [the] defendant must be aware of both the right and of the risks of forfeiting that right.

***Commonwealth v. Tyler***, 360 A.2d 617, 620 (Pa. 1976) (citations and quotation marks omitted).

> The right to counsel is guaranteed by the Sixth Amendment to the United States Constitution and Article V, Section 9 of the Pennsylvania Constitution. When a defendant wishes to waive the

right to counsel, the trial court is ultimately responsible for ensuring that the defendant is questioned about the six areas specified in Rule 121 and for determining whether the defendant is indeed making an informed and independent decision to waive counsel. Specifically, it is incumbent on the [trial] court to fully advise the accused of the nature and elements of the crime before accepting waiver of counsel. A penetrating and comprehensive colloquy is mandatory, regardless of the defendant's experience with the system. Failure to conduct a thorough, on-the-record colloquy before allowing a defendant to proceed to trial *pro se* constitutes reversible error on direct appeal.

*Commonwealth v. Isaac*, 205 A.3d 358, 363 (Pa. Super. 2019) (citations, footnote, original brackets, and quotation marks omitted), *appeal denied*, 217 A.3d 795 (Pa. 2019). The appointment of stand-by counsel does not cure a trial court's failure to conduct an effective waiver of counsel colloquy. *Commonwealth v. Floyd*, 257 A.3d 13, 18 (Pa. Super. 2020). Waiver of a constitutional right, such as the right to counsel, cannot be presumed from a silent record as it is well-established that the presumption must always be against the waiver of a constitutional right. *Commonwealth v. Norman*, 285 A.2d 523, 526 (Pa. 1971); *see also Commonwealth v. Murphy*, 214 A.3d 675, 679 (Pa. Super. 2019) (stating, "waiver cannot be presumed in a silent record"); *Commonwealth v. Johnson*, 158 A.3d 117, 121 (Pa. Super. 2017) (stating, "Courts indulge every reasonable presumption against waiver of fundamental constitutional rights").

Rule 121(A)(2) states in pertinent part that

To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:

(a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

(b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

(c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

(d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121(A)(2)(a-f).

When reviewing a trial court's basic compliance with the requirements of Rule 121, we do not first apply a "totality of the circumstances" test. In this context, we look at the totality of the relevant circumstances **only after we decide the trial court has met the minimum requirements of Rule 121**, to determine whether the defendant's waiver of the constitutional right to counsel was a knowing, voluntary, and intelligent waiver.

*Commonwealth v. Phillips*, 93 A.3d 847, 853-854 (Pa. Super. 2014) (citations and footnote omitted; emphasis added). The trial court must make a "probing inquiry" into whether a defendant is knowingly, voluntarily, and intelligently waiving his or her right to counsel. *Commonwealth v. Clyburn*,

42 A.3d 296, 299 (Pa. Super. 2012); *see also Commonwealth v. Houtz*, 856 A.2d 119, 125 (Pa. Super. 2004) (reiterating that, a trial court must formally and searchingly inquire into the six areas covered by Rule 121); *Isaac*, 205 A.3d at 363 (stating, a "penetrating and comprehensive colloquy is mandatory" (citation and original quotation marks omitted)). "The 'probing colloquy'" standard requires Pennsylvania trial courts to make a searching and formal inquiry into the questions of (1) whether the defendant is aware of his right to counsel or not and (2) whether the defendant is aware of the consequences of waiving that right or not." *Commonwealth v. Starr*, 664 A.2d 1326, 1335 (Pa. 1995).

It is incumbent upon the trial court to ensure that a defendant is aware of both the nature of his or her right to counsel and the risks and consequences of forgoing that constitutional right before finding that a defendant knowingly, voluntarily, and intelligently waived his or her right to counsel. *Phillips*, 93 A.3d at 852. In addition to the six inquiry factors enumerated in Rule 121, the trial court must also inquire about a defendant's age, educational background, and basic comprehension skills in order to ensure that the defendant possesses the ability to understand the questions posed to him or her during the waiver colloquy. *Commonwealth v. McDonough*, 812 A.2d 504, 507 n.1 (Pa. 2002); *see also Phillips*, 93 A.3d at 853.

Regarding the Rule 121(A)(2)(b) factor – whether a defendant understands the nature of the charges against the defendant and the elements of each of those charges – the trial court must go beyond a mere inquiry of

- 10 -

the defendant's understanding of the offenses. *Phillips*, 93 A.3d at 853. In order to satisfy Rule 121(A)(2)(b), the trial court must "fully advise the [defendant] of the nature and elements of the crime before accepting the waiver of counsel." *Id.* (citation, original quotation marks, and original brackets omitted); *see also Clyburn*, 42 A.3d at 299. The failure to fully advise a defendant of the elements of the crime constitutes reversible error. *Phillips*, 93 A.3d at 854-855 (holding that, the failure to advise a defendant of the elements of the offenses constitutes error); *see also Clyburn*, 42 A.3d at 301 (stating that, Rule 121(A)(2)(b) requires the trial court to elicit from the defendant that he or she understands, *inter alia*, the elements of the offenses); *Commonwealth v. Lasko*, 14 A.3d 168, 173 (Pa. Super. 2011) (stating that, a "full [waiver] colloquy was not conducted on the record as the trial court did not explain the elements of the crimes" but, rather, only orally explained the charges and the possible sentencing exposure); *Commonwealth v. Floyd*, 257 A.3d 13, 18 (Pa. Super. 2020) (stating that, the waiver colloquy was deficient because the trial court did not advise the defendant of the elements of the charged offenses); *Isaac*, 205 A.3d at 363 (noting that, a trial court's failure to inform a defendant of the elements of the charged offenses constitutes a deficient waiver colloquy); *Commonwealth v. Hood*, 2022 WL 4090008, at *6 (Pa. Super. filed Sept. 7, 2022) (unpublished memorandum) (stating, the minimum requirements of Rule 121 are not satisfied when the trial court fails to, *inter alia*, ensure the defendant understood the elements of each charge). Moreover, a signed waiver form

- 11 -

containing a perfunctory statement that the defendant agreed he or she was informed of the nature and elements of the crime but fails to list the charges and elements of each crime, does not cure an insufficient oral colloquy. *Clyburn*, 42 A.3d at 301. Strict adherence to the mandatory requirements of Rule 121 is of import because a defendant may change his or her mind as to self-representation based upon the disclosures made, and information gained, during the waiver colloquy. *Commonwealth v. Payson*, 723 A.2d 695, 703 (Pa. Super. 1999).

During a *Grazier* hearing on Appellant's *pro se* motion requesting self-representation, the following pertinent dialogue occurred:

| [Trial Court:] | Okay. And so what I'm going to do now is to just make sure that you know your constitutional rights. You've referenced the 6th Amendment. And your notice has that, but we want to make sure that you know your rights before you give them up. It's called a waiver of right to counsel; do you understand that? |
| --- | --- |
| [Appellant:] | Yes, I understand that. |
| [Trial Court:] | Okay. And are you waiving the right to counsel just for today's hearing or also for the trial? |
| [Appellant:] | Also for the trial. |
| [Trial Court:] | Okay. So you want to represent yourself at the trial; that's what you're saying. |
| [Appellant:] | If we ever get to that point. |
| [Trial Court:] | Yes. Okay. The trial starts with jury selection on Thursday, so we'll get to that point. Okay. So I don't - did you reference |

|              | to Attorney Nard that you were what is called a sovereign citizen? |
|--------------|--------------|
| [Appellant:] | I'm a Moor. |
| [Trial Court:] | A what? |
| [Appellant:] | A Moor, indigenous to this land. |
| [Trial Court:] | Okay. I don't recognize that, so any claim of being indigenous to the state is rejected. We will start trial on Thursday. |
| [Appellant:] | Well, as of - |
| [Trial Court:] | You need to know - |
| [Appellant:] | I am indigenous to this land. And this [trial] court has no authority nor jurisdiction over me or no contract with me. And the only ones who have a contract with me is the federal government, which they do not have. Can you provide the delegation of authority order? |
| [Trial Court:] | Okay. So I reject that argument once again. Attorney Nard, can you - |
| [Appellant:] | The delegation of authority – |
| [Trial Court:] | I'm going to ask that you not interrupt me. Here's what's going to happen if you keep interrupting, I'm going to have you removed from your very own hearing, but I'm going to give you fair warning. I'm going to give you a chance to abide by the rules in this courtroom. |
| [Appellant:] | I'm under the supreme laws - |
| [Trial Court:] | If you don't want to listen to those rules, then you're going to be removed. |
| [Appellant:] | I'm under the supreme law - |
| [Trial Court:] | Do you understand that? |
| [Appellant:] | I don't recognize this court. |

| | |
|---|---|
| [Trial Court:] | Right. And I don't recognize that argument, so it's denied. You're starting - |
| [Appellant:] | So how do you have authority over - |
| [Trial Court:] | Attorney Nard, can I just ask, was the first time you heard about his sovereign citizen or immunity or being indigenous, not subject to the jurisdiction of this court - was the first time you heard something like that on that Wednesday at the Erie County jail. |
| [Attorney Nard:] | Your Honor, it was - I was going to ask the court's indulgence. While I'm not the attorney as of now, perhaps because of the relationship that I believe I have built, if I can just speak right now to [Appellant], as per the complaint. [Appellant] as his name is stated. |
| [Trial Court:] | Right. Yes. |
| [Attorney Nard:] | Perhaps if I do that, I can explain the procedure. And that if he answers the questions, he'll still have the opportunity to make the argument that he wants to make to the court when the court's done speaking. Perhaps that will make this process go a little smoother and eliminate the possibility of him being removed. |
| [Trial Court:] | Sure. All right. |
| [Attorney Nard:] | Would that be fair? |
| [Trial Court:] | It would be. And if we in fact get through the colloquy, he has expressed his knowledge of the Constitution, as set forth in his claim for the waiver under the 6th Amendment. So he shows he has a grasp of that constitutional right, but I would like to do a subsequent colloquy to that, but I will allow you first to interject. Go ahead. |
| [Attorney Nard:] | Thank you, Your Honor. |
| [Trial Court:] | Do you want a recess? |

- 14 -

[Attorney Nard:]     Perhaps that would be best so I can explain.

[Trial Court:]     Let's just take five minutes.

[Attorney Nard:]     I apologize, Your Honor.

[Trial Court:]     No, I think it's warranted.

*(Recess taken.)*

[Trial Court:]     Attorney Nard.

[Attorney Nard:]     Thank you, Your Honor. I did speak with my client during this intermission. I tried to explain the procedure to make this go a little smoother. His concern, why he was speaking over Your Honor, was he [was] afraid that he would not get an opportunity to fully state his position. I explained to him that any court I've been in, and certainly this one, would give him that opportunity, but there's certain questions prior to that that need to be gone through.

And that if he could manage to do that, then he would have his ability to fully state his position without being removed prior to having that ability, which would provide for the interest of judicial economy as well -

[Trial Court:]     Well, I don't know how much more there is to state, than his position is that he's indigenous and not subject to the jurisdiction of the court.

[Attorney Nard:]     Your Honor, since I'm not part of this conversation and I have advised that I don't believe it's valid, I can't say -

[Trial Court:]     Can you direct [Appellant] to come back up. come on back up.

[Appellant:]     Mileage Galor Bey.

[Trial Court:]     So we're addressing – [Appellant] insists on being addressed as Mileage [Galor] Bey, but [Appellant's] name by birth is Markese Denashawn Lampley. Again, for purposes of

- 15 -

|                    | this hearing and just to make sure that we can get through it, [Appellant] come on up. We know that you're 20 years old. How far did you go in school? |
| ------------------ | --------------------------------------------------------------------------------------------------------------------------------------------------------- |
| [Appellant:]       | *(No response.)* |
| [Trial Court:]     | How far did you go in school? |
| [Appellant:]       | Not relevant. |
| [Trial Court:]     | How far did you go in school? |
| [Appellant:]       | It's not relevant. |
| [Trial Court:]     | So he fails to be responsive to the court's questions. He fails to follow the directives. His attorney has met with him on numerous occasions. Do you know the charges against you? |
| [Appellant:]       | *(No response.)* |
| [Trial Court:]     | Do you know the charges? You're aware that you're charged with murder, which has a maximum penalty of life in prison. |
| [Appellant:]       | With no authority and jurisdiction over me. |
| [Trial Court:]     | You're aware of that. Okay. Is that your claim? But you even though you claim that there's no jurisdiction, you at least know what the government has said though, right? |
| [Appellant:]       | You said that. The government didn't say that. |
| [Trial Court:]     | Okay. So - |
| [Attorney Nard:]   | Your Honor. |
| [Trial Court:]     | Yes. |
| [Attorney Nard:]   | If I may. [Appellant (Bey)], for purposes of the court[, Appellant (Lampley)] as per the complaint, we've had an opportunity for me to state to you what the Commonwealth is trying to charge you with, or as far as |

- 16 -

|                       | [Pennsylvania] law is concerned, has charged you with the criminal indictment - |
|-----------------------|---------------------------------|
| [Trial Court:]        | He's been charged.              |
| [Attorney Nard:]      | Correct.                        |
| [Appellant:]          | *(No response.)*                |
| [Trial Court:]        | He asked you a question. Did you hear him? |
| [Appellant:]          | I asked you a question.         |
| [Trial Court:]        | No, you don't ask me questions. I'll ask you the questions. If you don't want to be responsive, here's how this will go, you're not following the decorum. You can play the silly games. I don't recognize the indigenous statement that you've made. No court has. There's no precedent whatsoever for your claim. It's rejected. |
| [Appellant:]          | So it's a violation -           |
| [Trial Court:]        | So let's make sure that we understand each other. |
| [Appellant:]          | Your violation -                |
| [Trial Court:]        | Your claim. I heard it. It's rejected. We start this trial on Thursday. Now, do you want to come to trial with the assistance of counsel or not? |
| [Appellant:]          | Can you provide the delegation of authority order? |
| [Trial Court:]        | Okay. That request is denied also. Attorney Nard, he has set forth his claim to be *pro se*? [Commonwealth counsel], I don't have the right to counsel form. Do you have a copy of that? |
| [Commonwealth:]       | Judge, I do not know if we do. I don't believe so. |
| [Trial Court:]        | In the laws that you recognize, can you read those laws – |

[Appellant:]            The laws that I recognize -

[Trial Court:]          - you printed. No, I'm just asking you. You printed in English and referenced the 6th Amendment, so now we're going to give you the same form in English to recognize it. And what **we want to make sure is that you understand you're charged with two forms of murder, murder of the first degree, murder of the second degree, aggravated assault as a felony of the first degree. There are three counts of those.**

**Robbery, felony of the first degree. There are three counts of those. Firearms not to be carried without a license, fleeing or attempting to elude police officers, felonies - both felonies of the third degree. Possessing instruments of crime as misdemeanors of the first degree. Simple assault at Counts 12, 13 and 14, misdemeanor of the second degree, and recklessly endangering another person at [Counts] 15, 16, 17, 18, 19, 20, and 21 as misdemeanors of the second degree.**

**Murder of the first and second degree carries a maximum penalty of life in prison and/or a $50,000[.00] fine. The felonies of the first degree carry maximum penalties of 20 years and/or $25,000[.00] in fines. The felonies of the third degree carry maximum penalties of seven years and/or $15,000[.00] in fines. And the misdemeanors of the first degree carry a five year maximum and/or a $10,000[.00] in fines. And the misdemeanor of the second degree carries possible maximums of two years in jail and/or $5,000[.00]. There are ten violations of the vehicle code**

**charged as summaries, which carry fines and fees.**

**Attorney Nard, have you explained the substance of these charges [to Appellant]?**

[Attorney Nard:] **I have, Your Honor.**

[Trial Court:] All right. And was he appropriately responsive in understanding when he was explained these charges? In other words, did he interact with you regarding them?

[Attorney Nard:] He did, Your Honor.

[Trial Court:] All right. Perhaps, [Commonwealth counsel], one suggestion would be - I'd like to know your position about the right to counsel waiver. If you would like to engage in this, or if you have a suggestion, if Attorney Nard would do it or the court.

[Commonwealth:] We do it typically, but Your Honor can do it. I have no problem doing it though.

[Trial Court:] All right. Does [Appellant] have a copy of one of [the right to counsel waiver forms]?

[Tipstaff:] Yes.

[Trial Court:] Okay. You have a form in front of you, [Appellant], that states that you have a right to be represented by counsel. Now, you've referenced that in the 6th Amendment, so you obviously understand that, correct?

[Appellant:] Uh-huh.

[Trial Court:] All right. **And you know the nature and elements of the charges against you as you've had a preliminary hearing. You've had an information, a complaint, discussions with Attorney Sandmeyer and Attorney Nard, and as well, I just read the charges to you; is that correct?**

[Appellant:] **Uh-huh.**

- 19 -

| [Trial Court:] | Alright.  And do you understand the possible range of sentences, including what the fines or maximum penalties could be in these cases? |
| --- | --- |
| [Appellant:] | Uh-huh. |
| [Trial Court:] | All right.  And do you understand the lawyer could be more familiar with these rules of evidence and procedures than you might be? |
| [Appellant:] | Yes.  Yes, sir, I understand that. |
| [Trial Court:] | All right.  Do you understand if you represent yourself, you would be required to follow all of the rules of criminal procedure and evidence; do you understand that? |
| [Appellant:] | Uh-huh. |
| [Trial Court:] | Do you understand there may be defenses to charges which counsel would be aware of; do you understand that? |
| [Appellant:] | Uh-huh. |
| [Trial Court:] | Do you understand that if these defenses or other rights are not raised at the right or correct time, they could be permanently lost; do you understand that? |
| [Appellant:] | Uh-huh. |
| [Trial Court:] | Do you understand if error or rule violations occur and you don't object to them at the right time, you could [lose] your right to object to them permanently; do you understand that? |
| [Appellant:] | Uh-huh. |
| [Trial Court:] | Are you voluntarily giving up your right to be represented by a lawyer?  In other words, is that your decision? |
| [Appellant:] | I got a question though. |

| | |
|---|---|
| [Trial Court:] | No, first answer that and then you can ask your question.  So, is it your choice not to have Attorney Nard represent you? |
| [Appellant:] | Yes, it's my choice. |
| [Trial Court:] | Okay.  No one forced you to do that. |
| [Appellant:] | It's my choice. |
| [Trial Court:] | In other words, you came to that decision by yourself[?] |
| [Appellant:] | By myself. |
| [Trial Court:] | Okay.  I would indicate on this form and then, [Commonwealth counsel] - and then I'll let you ask your question.  Okay.  So, hang on. I'm just filling out the form.  [Commonwealth counsel], you can look at the form.  I think as indicated by the responses, I'll ask that you sign for the Commonwealth. |
| [Commonwealth:] | Number 10, Your Honor. |
| [Trial Court:] | Okay.  Let me see.  I thought I asked it.  I'm sorry, I asked if he's been forced or pressured in any way. |
| [Commonwealth:] | Yes. |
| [Trial Court:] | And he said, no, it's his own decision.  I'm satisfied. |
| [Commonwealth:] | You marked it yes. |
| [Trial Court:] | I'm sorry.  I went down the form.  He did indicate no, he was not - and it was his own decision.  I guess I looked at it affirmatively. |
| [Commonwealth:] | We do the same thing, Your Honor. |
| [Trial Court:] | Yeah. I understand.  With that being - the record should reflect he indicated it was his own decision.  That he came to it freely and voluntarily without the force or coercion by any other individual; is that right? |
| [Appellant:] | Uh-huh. |

- 21 -

| [Trial Court:] | All right. And then you can sign it. Go ahead. |
|---|---|
| [Commonwealth:] | Your Honor, just in terms of then the caption on this. |
| [Trial Court:] | Yes. It will be Lampley. |
| [Commonwealth:] | Okay. |
| [Trial Court:] | But I think it has to be, because no change has been made in the amended information. It still reads Commonwealth of Pennsylvania versus Markese Denashawn Lampley, but he can choose to sign it how he identifies himself. Okay. |
| [Appellant:] | Uh-huh. |
| [Trial Court:] | And I'll let you do that. |
| [Appellant:] | Before I sign that. |
| [Trial Court:] | Yeah. Go ahead. |
| [Appellant:] | Can you provide evidence of authority and jurisdiction over me? |
| [Trial Court:] | Okay. No. And I'm not going to, because I don't need to. The evidence is self-proclaiming. I reject your theory of being indigenous and I will not entertain that, as I see that as a frivolous argument. So your claim is denied. If you want to reserve that right for appeal, you can, but I'd ask that based on everything you just told me, you can sign that form in the name that you identify as. |
| [Appellant:] | All right. |
| [Commonwealth:] | The other matter, Your Honor, while [Appellant] is signing the form, I just want to be clear for the record that each of [Appellant's] answers to the court's questions, which followed the right to counsel waiver, he didn't say yes or no, he simply said uh-huh. And I want the record |

|                      |                                                                                                                                                                                                                                 |
|----------------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|                      | to reflect that both the court reporter and the court recognized those as yes answers, except for Number 10.                                                                                                                        |
| [Trial Court:]       | Which - go ahead.                                                                                                                                                                                                                  |
| [Commonwealth:]      | He said uh-huh when you asked, is the decision yours.                                                                                                                                                                              |
| [Trial Court:]       | And he said yes. I asked him, I guess, more affirmatively than how the question actually reads on the form. But then when asked if anyone pressured him or coerced him, he said no, and that's how it's filled out.                  |
| [Commonwealth:]      | I know the court reporters have a certain way of typing what is a yes and what is a no and I just wanted to – [in case] there's any argument about that down the road.                                                               |
| [Trial Court:]       | Okay. So I'll address you, you've signed this as Mileage Galor Bey.                                                                                                                                                                 |
| [Appellant:]         | Yes.                                                                                                                                                                                                                               |
| [Trial Court:]       | All right. And the answers of uh-huh meant yes, correct?                                                                                                                                                                            |
| [Appellant:]         | Correct.                                                                                                                                                                                                                           |
| [Trial Court:]       | All right. Okay. I've signed this. I'll make that part of the record. With that being acknowledged, Attorney Nard, I am going to require that you be standby counsel. And I know you were privately retained; however, we will ensure that the county contract be also satisfied as it pertains to your retainment. |

N.T., 6/21/21, at 15-31 (extraneous capitalization omitted; emphasis added).

As part of the colloquy, Appellant executed a right to counsel waiver form in which he answered affirmatively ("yes") to the following questions:

1. Do you understand you have a right to be represented by an attorney, and a right to a free attorney if you can't afford one and you meet the eligibility requirements of the Erie County Public Defender's Office?

2. Do you know the nature and the elements of the charges against you?

3. Are you aware of the possible range of sentences, including fines and the maximum possible penalty that can be imposed, if you are found guilty or plead guilty?

4. Do you understand that if you represent yourself, you will still be required to follow all the rules of criminal procedure and evidence?

5. Do you understand that an attorney will be more familiar with these Rules than you?

6. Do you understand there may be defenses to these charges which counsel would be aware of?

7. Do you understand that if these defenses or other rights are not raised at the right time, they may be permanently lost?

8. Do you understand if errors or rule violations occur and you don't object to them at the right time you will lose your right to object permanently?

9. Are you voluntarily giving up your right to be represented by an attorney?

Right to Counsel Waiver Form, 6/21/21. To the question – "Have you been forced or pressured in any way, or have promises been made to you that have influenced your decision to waive your right to be represented by an attorney" – Appellant answered "no." *Id.*

In addressing Appellant's waiver of counsel claim, the trial court stated that it "ensured Appellant was aware of his charges by reviewing the amended information, and the maximum penalties Appellant was facing with each

count." Trial Court Opinion, 12/15/22, at 12, *citing* N.T., 6/21/21, at 23-24. In support of its position that Appellant was made aware of the charges and the maximum potential penalties, the trial court relied upon the executed waiver form, as well as Appellant's affirmative answer to the trial court's inquiry – "And you know the nature of the elements of the charges against you as you've had a preliminary hearing. You've had an information, a complaint, discussions with Attorney Sandmeyer and Attorney Nard, and as well, I just read the charges to you; is that correct?" Trial Court Opinion, 12/15/22, at 12-13. The trial court explained that it conducted a valid waiver colloquy pursuant to Rule 121 and that the totality of the circumstances demonstrates that Appellant knowingly, voluntarily, and intelligently waived his right to counsel. ***Id.*** at 16.

Appellant was charged with 21 criminal offenses under the Crimes Code and 11 summary offenses under the Vehicle Code. ***See*** Amended Information, 6/17/21. The trial court informed Appellant of the 21 offenses for which he was charged under the Crimes Code.[6] N.T., 6/21/21, at 23. The trial court

_____

[6] The trial court misspoke when it indicated to Appellant that he had been charged with only 10 summary offenses under the Vehicle Code when, in fact, Appellant had been charged with 11 summary offenses. N.T., 6/21/21, at 24 (stating, "[t]here are **ten** violations of the [V]ehicle [C]ode charged as summaries" (emphasis added)).

When a defendant has been charged with summary offenses, neither the United States Constitution not the Pennsylvania Constitution guarantees the defendant an absolute right to counsel. ***Commonwealth v. Smith***, 868 A.2d 1253, 1256 (Pa. Super. 2005), *appeal denied*, 877 A.2d 462 (Pa. 2005).

then proceeded to explain the potential penalties Appellant faced if convicted.[7]

*Id.* at 23-24. The trial court did not, however, orally advise Appellant of the elements of each offense that the Commonwealth must prove beyond a reasonable doubt to convict Appellant of the various offenses under the Crimes Code. Instead, the trial court asked Attorney Nard whether he "explained the substance of these charges" to Appellant, to which Attorney Nard replied affirmatively. It is unclear, based upon the record, what was meant by the term "substance" as it related to the charges.

_____

Rather, "[t]he right to counsel in summary cases attaches only to those defendants who are unable to employ counsel **when there is a likelihood that imprisonment will be imposed**." *Smith*, 868 A.2d at 1256 (citation and original quotation marks omitted; emphasis in original). When the only sentence provided for in a summary offense violation is a fine and costs, a defendant does not have a right to counsel. *Id.* Ergo, if no right to counsel has attached, the trial court does not need to conduct a waiver of counsel colloquy before permitting a defendant to proceed *pro se* in defending against the summary offenses.

Here, the trial court indicated that Appellant's 11 summary charges were punishable by fines and costs. Therefore, Appellant had no right to counsel in defending against those charges. As such, Appellant's challenge to the trial court's failure to satisfy the colloquy requirements of Rule 121 with regard to the summary offenses is without merit.

[7] The trial court identified the potential penalties according to the classification of the felony or misdemeanor, *i.e.* felonies of the first degree carry a maximum penalty of 20 years' incarceration and a $25,000.00 fine and misdemeanors of the first degree carry a maximum penalty of 5 years' incarceration and a $10,000.00 fine, rather than identifying the potential penalty Appellant faced with each offense, *i.e.*, a conviction for robbery carries a maximum penalty of 20 years' incarceration and a $25,000.00 fine and a conviction of possessing instruments of crime carries a maximum penalty of 5 years' incarceration and a $10,000.00 fine.

Based upon the record before us, it is unclear whether the trial court conducted a waiver colloquy in accordance with Rule 121. In particular, we are unable to discern, based upon this record, whether Appellant was appropriately and sufficiently advised of the elements of each crime. *See Phillips*, 93 A.3d at 853; *see also Clyburn*, 42 A.3d at 299; *Lasko*, 14 A.3d at 173; *Floyd*, 257 A.3d at 18; *Isaac*, 205 A.3d at 363; *Hood*, 2022 WL 4090008, at *6. In order to comply with the mandate of Rule 121(A)(2)(b), the record must demonstrate that the elements of the crimes were explained to the defendant and that there is support for a trial court's determination that the defendant understood the elements of the crimes and knowingly, voluntarily, and intelligently waived his or her right to counsel. As the case *sub judice* contains ambiguity as to whether the elements of the crimes were explained to Appellant and whether Appellant understood that explanation, we are constrained to remand this case to the trial court to conduct an evidentiary hearing to determine what, if anything, was explained by Attorney Nard to Appellant regarding the elements of the crimes. In other words, the trial court shall determine what Attorney Nard meant when he stated he "explained the substance of the case" to Appellant. The trial court shall conduct an evidentiary hearing and return the certified record to this Court within 60 days of the date of this memorandum.

Moreover, the trial court indicated that Appellant may have been informed of the elements of the charges during, *inter alia*, the preliminary hearing. The record reveals that the trial court granted Appellant's request to

have a transcript of the preliminary hearing produced. *See* Trial Court Order, 2/28/20, *see also* Trial Court Order, 4/23/20. A copy of the preliminary hearing transcript, however, is not contained in the certified record presently before this Court. Upon remand, the trial court shall obtain and file a copy of the preliminary hearing transcript, and the transcript shall be forwarded to this Court as part of the certified record.

Case remanded. Jurisdiction retained.