**COMMONWEALTH of Pennsylvania,
Appellee**

v.

**Anne L. CLYBURN, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 13, 2011.
Filed Feb. 27, 2012.

Samuel C. Stretton, West Chester, for appellant.

Robert M. Falin, Assistant District Attorney, Norristown, for Commonwealth.

BEFORE: MUSMANNO, SHOGAN and FITZGERALD*, JJ.

* Former Justice specially assigned to the Superior Court.

**OPINION BY SHOGAN, J.:**

Appellant, Anne L. Clyburn, appeals from the judgment of sentence entered following her convictions of multiple counts of theft in relation to her conduct while she was an officer of a credit union. We vacate the judgment of sentence and remand the matter for a new trial.

The trial court presented the underlying facts of this case as follows:

Appellant's convictions arose from her former position as Chief Executive Officer at the United Food and Commercial Workers Local 1776 Federal Credit Union. During her approximately six and one-half years as CEO, Appellant awarded herself raises which were never approved by the credit union's Board of Directors, she manipulated the line of credit on her credit union issued debit card and wrote checks from the credit union's operating account for her personal expenses. Appellant stole more than $32,400.00 from the credit union's members, a credit union which serves people of very modest means.

On July 7, 2010, Appellant was brought before this Court for a three-day jury trial, stating that she wished to represent herself. (Trial 7/7/10 p. 4). Thereafter, this Court conducted a colloquy in order to assure the validity of Appellant's waiver of counsel. Satisfied that Appellant knowingly, intelligently and voluntarily waived her right to counsel, this Court proceeded to conduct the trial with Appellant promoting a *pro se* defense.

At trial, the Commonwealth called Joseph Bressi, the current CEO of the credit union and Appellant's successor, to testify. The Commonwealth also presented Mary Dunne, the treasurer of the credit union, Sergeant Rocco Wack and

a forensic accountant, Steven A. Witten, to testify. After the Commonwealth rested, Appellant presented the testimony of Professor Stephan Clyburn, Appellant's husband. The Commonwealth then presented a rebuttal witness, Nans Lassen, a union-side labor attorney.

Trial Court Opinion, 12/3/10, at 1–2.

At the conclusion of the three-day trial, Appellant was found guilty of Theft by Unlawful Taking or Disposition (over $2,000), Theft by Unlawful Taking or Disposition ($200–$2,000), Theft by Deception, False Impression (over $2,000), Theft by Deception, False Impression ($200–$2,000), Receiving Stolen Property (over $2,000), Receiving Stolen Property ($200–$2,000), Tampering With Records or Identification, and Unlawful Use of a Computer. On September 9, 2010, Appellant, who was then represented by counsel, received an aggregate sentence of one to seven years of incarceration, followed by ten years of probation. Subsequently, with the assistance of counsel, Appellant filed post-sentence motions, which were denied on September 13, 2010. This timely counseled appeal followed.

Appellant presents the following issues for our review:

1. Did the Appellant, Anne L. Clyburn, knowingly, voluntarily and intelligently waive her constitutional right to counsel at the beginning of her jury trial? Is the colloquy of record concerning the waiver of counsel insufficient and defective? Were the procedures required in Pennsylvania Rules of Criminal Procedure 121 not followed? Did the Court err in allowing Ms. Clyburn to proceed without counsel or in not appointing back up counsel or offering court appointed counsel?

2. Did Judge Carpenter err and deprive Ms. Clyburn her right to a proper trial and fundamental due process when he continually threatened her with contempt because she could not properly frame her questions? Did the Court's repeated threats of contempt and incarceration chill Ms. Clyburn's right to advocacy and her ability to effectively represent herself?

3. Did Judge Carpenter err in not properly advising or colloquying Ms. Clyburn concerning her right to testify during the trial? Ms. Clyburn did not testify, but was not in a position to make a rational choice and should have been advised she had a right to testify and not to testify. Did the trial judge err in not advising Ms. Clyburn of her right to so testify, particularly since the trial judge had repeatedly chilled her self[-]representation during the trial by repeated threats of criminal contempt?

Appellant's Brief at 5–6.

■ Appellant first argues that the trial court erred in allowing her to waive her right to counsel. She asserts that, despite the fact that she completed a written waiver colloquy, the trial court erred in not having a full and complete waiver of counsel colloquy prior to jury selection on the day of trial. Appellant contends that, as a result, the waiver was not done in a knowing, voluntary and intelligent manner.

■ A criminal defendant's right to counsel is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 and Article V, Section 9 of the Pennsylvania Constitution. *Commonwealth v. Owens,* 750 A.2d 872, 875 (Pa.Super.2000). Alternatively, a criminal defendant has a well-settled constitutional right to dispense with counsel and to defend himself before the court. *Commonwealth v. Starr,* 541 Pa. 564, 580, 664 A.2d 1326, 1334 (1995) (citing *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)). "Deprivation of

these rights can never be harmless." *Commonwealth v. Payson*, 723 A.2d 695, 699–700 (Pa.Super.1999).

■ As our Supreme Court explained in *Starr*:

> In short, this highly personal constitutional right operates to prevent a state from bringing a person into its criminal courts and in those courts force a lawyer upon him when he asserts his constitutional right to conduct his own defense. *Faretta, supra*, at 807 [95 S.Ct. 2525]. Further, the denial of a criminal defendant's right to proceed *pro se* is not subject to a harmless error analysis. *McKaskle v. Wiggins*, 465 U.S. 168, 177, n. 8, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984) ("the right to self-representation is either respected or denied; its deprivation cannot be harmless").

*Starr*, 541 Pa. at 580–581, 664 A.2d at 1334–1335. However, a criminal defendant's right to self-representation is not absolute. *Commonwealth v. Vaglica*, 449 Pa.Super. 188, 673 A.2d 371, 373 (1996).

■ Our Supreme Court mandates a "probing colloquy" to determine whether the defendant's waiver is knowing, voluntary and intelligent. *Starr*, at 581, 664 A.2d at 1335. The court must also inquire whether:

> (1) the defendant understands that he has the right to be represented by counsel, and the right to have free counsel if he is indigent; (2) the defendant understands the nature of the charges against him and the elements of each of those charges; (3) the defendant is aware of the permissible range of sentences and/or fines for the offenses charged; (4) the defendant understands that if he waives the right to counsel he will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules; (5) defendant understands that there are possible defenses to these charges which counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and (6) the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, the objection to these errors may be lost permanently.

*Starr*, 541 Pa. at 582, 664 A.2d at 1335. In addition, it is "incumbent on the court to fully advise the accused [of the nature and elements of the crime] before accepting waiver of counsel." *Commonwealth ex rel. Clinger v. Russell*, 206 Pa.Super. 436, 213 A.2d 100, 102 (1965).[1]

---

1. Pennsylvania Rule of Criminal Procedure 121 addresses the right to waive counsel and the appropriate colloquy for a criminal defendant who wishes to assert his right to self-representation, as contemplated in *Faretta*, and provides as follows:

   **Rule 121. Waiver of Counsel**
   **(A) Generally.**
   (1) The defendant may waive the right to be represented by counsel.
   (2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:

   (a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;
   (b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;
   (c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;
   (d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the

We have long stated that "a signed statement alone cannot establish that a defendant has effectively waived this right." *Russell,* 213 A.2d at 101. We further clarified the requirement for an appropriate oral colloquy to accompany a written waiver with the following:

> One must bear in mind that an accused will often sign such a prepared statement at a time when he is subject to the conflicting pressures inherent in all accusatory proceedings. **In the absence of sufficient oral inquiry, such a signed statement will not adequately demonstrate that the accused comprehended and assented to the contents of the writing.** The court must examine the accused's awareness of the nature of the crime, the range of allowable punishments thereunder, and all other facts essential to a broad understanding of the whole matter. Only at the completion of such a comprehensive inquiry, can the court be confident that the defendant intelligently waived his right to counsel.

*Russell,* 213 A.2d at 101. (emphasis added).

▆▆▆ A defendant's request to proceed *pro se* must be timely and unequivocal, and not made for purpose of disruption or delay. *Commonwealth v. Davido,* 582 Pa. 52, 64, 868 A.2d 431, 438 (2005). Whether the request was made before trial or during trial is a critical factor in determining the timeliness of the request. *Id.* at 65, 868 A.2d at 438. In addition, "the inquiry surrounding whether a request to proceed *pro se* is unequivocal is fact intensive and should be based on the totality of the circumstances surrounding the request." *Id.* at 66, 868 A.2d at 439. Thus, "[t]he right to waive counsel's assistance and continue *pro se* is not automatic." *Commonwealth v. El,* 602 Pa. 126, 135, 977 A.2d 1158, 1163 (2009). "Rather, only timely and clear requests trigger an inquiry into whether the right is being asserted knowingly and voluntarily." *Id.*

▆▆▆ Moreover, we are mindful that, "[r]egardless of the defendant's prior experience with the justice system, a penetrating and comprehensive colloquy is mandated." *Commonwealth v. Owens,* 750 A.2d 872, 876 (Pa.Super.2000). "The question of waiver [of counsel] must be determined regardless of whether the accused can or cannot afford to engage counsel." *Payson,* 723 A.2d at 701 (quoting *Commonwealth v. Ford,* 715 A.2d 1141 (Pa.Super.1998)). Failure to conduct a thorough, on-the-record colloquy before allowing a defendant to

normal rules of procedure and that counsel would be familiar with these rules; (e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and (f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

(3) The judge or issuing authority may permit the attorney for the Commonwealth or defendant's attorney to conduct the examination of the defendant pursuant to paragraph (A)(2). The judge or issuing authority shall be present during this examination.

\* \* \*

**(C) Proceedings Before a Judge.** When the defendant seeks to waive the right to counsel after the preliminary hearing, the judge shall ascertain from the defendant, on the record, whether this is a knowing, voluntary, and intelligent waiver of counsel. **(D) Standby Counsel.** When the defendant's waiver of counsel is accepted, standby counsel may be appointed for the defendant. Standby counsel shall attend the proceedings and shall be available to the defendant for consultation and advice.

Pa.R.Crim.P. 121.

proceed to trial *pro se* constitutes reversible error. *Id.*

Our review of the record reflects that, at the commencement of trial, the trial court initiated the waiver proceedings with the following:

> THE COURT: ... [Appellant], you are representing yourself in this matter; is that correct?
>
> [APPELLANT]: Yes, your Honor, I am.

N.T., 7/7/10, at 4. Thereafter, the trial court directed Appellant to review a written waiver of counsel form and to sign it. *Id.* at 4. Appellant complied, signed, and returned the form to the trial judge.[2] *Id.* at 5. However, although the written waiver of counsel form signed by Appellant contained a perfunctory provision stating, "(2) I understand the nature of the charges against me and the elements of each of those charges," we observe that the written waiver of counsel form, itself, failed to specify the charges brought against Appellant and the elements of each of those charges. Therefore, in the absence of sufficient oral inquiry, such a signed statement will not adequately demonstrate that Appellant comprehended and assented to the contents of the writing. *Russell,* 213 A.2d at 101.

Our review of the record further reflects that the trial court directed the Assistant District Attorney to explain to Appellant the nature of the charges being pursued. *Id.* at 5. Indeed, the Assistant District Attorney listed the various crimes with which Appellant had been charged and the grading of each of the offenses. *Id.* at 5–6. However, our review indicates that the Assistant District Attorney failed to specify the nature and elements of each of those charges, as contemplated by Rule 121(A)(2)(b). Rather, the Assistant District Attorney focused on the permissible range of sentences and the guideline ranges for each of the offenses charged. *Id.* at 5–9. Thus, neither in the written waiver of counsel form, nor in the oral colloquy did the trial judge or issuing authority elicit information from Appellant that adequately demonstrates she understood the nature of the charges against her and the elements of each of those charges. The trial court failed to cover all of the areas contemplated in Rule 121 to ascertain whether Appellant was executing a knowing, voluntary and intelligent waiver of counsel. Accordingly, Appellant's Rule

---

**2.** The waiver of counsel form contained the following provisions:

> (1) I understand that I have the right to be represented by counsel (a lawyer), and the right to have free counsel appointed if I am indigent (unable to afford counsel).
>
> (2) I understand the nature of the charges against me and the elements of each of those charges.
>
> (3) I am aware of the permissible range of sentences and/or fines for the offenses charged.
>
> (4) I understand that if I waive the right to counsel I will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules.
>
> (5) I understand that there are possible defenses to these charges which counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently.
>
> (6) I understand that, in addition to defenses, I have many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by me, these errors may be lost permanently.
>
> (7) I read write and understand the English language.
>
> (8) No one has tricked, threatened or forced me into waiving my right to counsel. I am doing this of my own free will.
>
> (9) I do not want to have counsel advise me or speak for me. I understand that by signing this paper I am waiving my right to counsel and will be representing myself.
>
> Waiver of Counsel Form, 7/7/10.

121 colloquy conducted prior to trial was defective. Consequently, we are constrained to agree with Appellant that her waiver of trial counsel was not knowing, voluntarily, and intelligent. We hold that the failure to explain the elements of the charged crimes requires us to vacate the judgment of sentence. *Commonwealth v. Houtz*, 856 A.2d 119, 130 (Pa.Super.2004) (vacating judgment of sentence and remanding for a new trial where trial court failed to address some of the elements of Rule 121). Appellant is entitled to a new trial.[3] Therefore, we vacate the judgment of sentence and remand for a new trial.[4]

Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.

**3.** Relying upon *Commonwealth v. Meehan*, 427 Pa.Super. 261, 628 A.2d 1151, 1159 (1993), *Commonwealth v. Davis*, 393 Pa.Super. 88, 573 A.2d 1101, 1108 n. 7 (1990), *Commonwealth v. Bastone*, 321 Pa.Super. 232, 467 A.2d 1339, 1341 (1983), and *Commonwealth v. Carver*, 292 Pa.Super. 177, 436 A.2d 1209, 1211 (1981), the Commonwealth argues that Appellant is not entitled to relief because she fails to establish how she was prejudiced by the lack of counsel. *See* Commonwealth's Brief at 11 n. 2. We conclude these cases are inapposite because they involve matters with different procedural postures. Both *Meehan* and *Davis* were on appeal under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546. The cases of *Bastone* and *Carver* involved matters where counsel was not present at the preliminary hearing stages.

Indeed, the rulings concerning prejudice in the cases cited by the Commonwealth all stem from our disposition in *Carver*. In *Carver*, the defendant did not have counsel during the preliminary hearing, but he was convicted at a trial where he was represented by an attorney. We applied cases that provide that lack of counsel for purposes of a preliminary hearing require relief only when a defendant has suffered prejudice.

This case is distinguishable from *Carver* and its progeny. Here, Appellant invalidly proceeded to her jury trial *pro se* because her Rule 121 colloquy was defective. Our research has revealed there is no need for a showing of prejudice when a defendant proceeded to trial without a legally sufficient waiver of her constitutional right to counsel. *See Commonwealth v. Brazil*, 549 Pa. 321, 701 A.2d 216 (1997) (granting new trial for defective waiver colloquy without analyzing whether the appellant suffered prejudice); *Houtz*, 856 A.2d at 130 (same). *See also Payson*, 723 A.2d at 704 ("[A]ny shortcoming relative to this colloquy cannot be gauged to the quality of an accused's self-representation nor justified on the basis of his prior experience with the system.").

**4.** Due to our disposition in this matter, we need not address Appellant's issues numbered two and three.