J-S22019-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RONNIE ZVOLENSKY, | : | |
| | : | |
| Appellant | : | No. 18 MDA 2013 |

Appeal from the Judgment of Sentence October 31, 2012,
Court of Common Pleas, Lackawanna County,
Criminal Division at No. CP-35-MD-0000524-2012

BEFORE:  PANELLA, DONOHUE and MUNDY, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED AUGUST 22, 2014**

Ronnie Zvolensky ("Zvolensky") appeals from judgment of sentence entered following his conviction of indirect criminal contempt of a protection from abuse order ("PFA order").  Initially, his court appointed appellate counsel ("Counsel") submitted an application to withdraw and a brief in support thereof pursuant to ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). In the course of our review, we agreed with Counsel that the issues he identified were without merit, but we identified an issue of potential merit with regard to the validity of Zvolensky's waiver of counsel at the contempt proceeding.  We denied Counsel's request to withdraw and remanded the case for the filing of an amended Rule 1925(b) statement raising that issue and ordered the trial court to author an opinion addressing it.

Counsel and the trial court have complied with our directives. In addressing this issue, the trial court candidly acknowledged its failure to conduct an adequate colloquy of Zvolensky and concluded that Zvolensky's wavier of counsel was invalid. Trial Court Opinion, 7/9/14, at 4-5. We agree.

> Our Supreme Court mandates a 'probing colloquy' to determine whether the defendant's waiver is knowing, voluntary and intelligent. [**Commonwealth v.**] **Starr**, [] 664 A.2d [1326,] [] 1335. The court must also inquire whether:
>
>> (1) the defendant understands that he has the right to be represented by counsel, and the right to have free counsel if he is indigent; (2) the defendant understands the nature of the charges against him and the elements of each of those charges; (3) the defendant is aware of the permissible range of sentences and/or fines for the offenses charged; (4) the defendant understands that if he waives the right to counsel he will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules; (5) defendant understands that there are possible defenses to these charges which counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and (6) the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, the objection to these errors may be lost permanently.
>
> [**Id.**] In addition, it is 'incumbent on the court to fully advise the accused of the nature and elements

of the crime before accepting waiver of counsel.' ***Commonwealth ex rel. Clinger v. Russell,*** [] 213 A.2d 100, 102 ([Pa. Super.] 1965).

***Commonwealth v. Clyburn***, 42 A.3d 296, 299 (Pa. Super. 2012).

As we recounted in our initial memorandum in this appeal, the trial court's inquiry was limited to the following exchange:

> MS TIGUE: This is the matter of the Commonwealth versus Ron Zvolensky docketed at 12 MD 524. His is present. He is currently incarcerated. He's not represented. And I have not had an opportunity to –
>
> THE COURT: Well, I did the arraignment on this. You're in a state institution.
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Now, did you apply for a public defender?
>
> THE DEFENDANT: No, I'm a *pro se* litigant.
>
> THE COURT: You don't want a public defender?
>
> THE DEFENDANT: No, I'm just going to go *pro se* on it. I filed a PCRA on the last violation and I went pro se. I filed for a -- I have a complaint in for ineffective counsel and I proceeded *pro se* in all of my dealings with these issues with my divorce, with my child custody, with the PFA, and I'd like to proceed. I mean, I'm going to do my best. I'm not going to be held to the standards of a lawyer apparently, but I definitely have been working on this for 15 months and –
>
> THE COURT: On this contempt for 15 months?

- 3 -

> MR. ZVOLENSKY: For the last contempt. I've been trying to get back into the courts for the last guilty verdict of the last contempt. I have a PCRA --

N.T., 10/31/12, at 2-3. Moreover, Zvolensky did not execute a written colloquy.

There was no inquiry, much less one that could be considered "probing," to determine whether Zvolensky's decision to represent himself was knowingly and voluntarily made. Furthermore, despite Zvolensky's protestations that he had acted as his own counsel before, "we are mindful that regardless of the defendant's prior experience with the justice system, a penetrating and comprehensive colloquy is mandated." **Clyburn**, 42 A.3d at 300. Accordingly, we vacate the judgment of sentence and remand this matter for a new trial. **See Commonwealth v. Phillips**, 2014 WL 2535259 at *6 (Pa. Super. June 4, 2014) (holding that where there is a deficient colloquy regarding a defendant's election to proceed *pro se*, proper remedy is to vacate judgment of sentence and remand for new trial).[1]

---

[1] After determining that Zvolensky was not properly colloquied, the trial court entered an order purporting to vacate its "finding" of contempt. Trial Court Order, 7/9/14. At the time the trial court entered this order, however, this case was still pending before this Court on appeal. It is well established that generally "after an appeal is taken … the trial court … may no longer proceed [] in the matter." Pa.R.A.P. 1701(a). While this rule does not impact a trial court's inherent authority to take some actions, such as amending its records, correcting mistakes of the clerk or other officer of the court, or supplying defects or omissions in the record, these exceptions are largely limited to matters that are "ancillary to the appeal[.]" Pa.R.A.P. 1701(b). The trial court's order was not limited to a matter ancillary to this appeal; rather it was addressed to the only meritorious issue on appeal.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2014

---

Accordingly, the order is a nullity and did not work to vacate Zvolensky's contempt conviction or his judgment of sentence. **See Bell v. Kater**, 839 A.2d 356, 357-58 (Pa. Super. 2003) (holding that an order substantively affecting an issue raised in a pending appeal is a nullity).