J-S55032-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                           :              PENNSYLVANIA
           Appellee         :
                           :
             v.              :
                           :
GREGORY BERNARD JACKSON,      :
                           :
           Appellant      :      No. 465 WDA 2015

Appeal from the Judgment of Sentence Entered May 6, 2014,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s): CP-02-CR-0011721-2012

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:      **FILED SEPTEMBER 28, 2015**

Gregory Bernard Jackson (Appellant) appeals from the judgment of
sentence entered following his convictions for intimidation of a witness and
harassment.   After careful review, we conclude that the record does not
show that the trial court conducted a meaningful waiver-of-counsel colloquy;
thus, we vacate Appellant's judgment of sentence and remand for a new
trial.

The trial court summarized the relevant procedural history of this case
as follows.

> On February 6, 2014, [Appellant] was found guilty of one count
> of intimidation of a witness and one count of harassment and not
> guilty of one count of stalking, following a jury trial. In this jury
> trial [Appellant] represented himself although he had standby
> counsel to assist him…. On May 6, 2014, [Appellant]  was
> sentenced to a period of incarceration of not less than two nor
> more than four years to be followed by a period of probation of

* Retired Senior Judge assigned to the Superior Court.

three years with a concurrent one year period of probation and was required to undergo random drug screening and also to have a mental health evaluation. [Appellant] filed timely post-sentence motions[;] however, the hearing was delayed on these motions since [Appellant] was sent to Torrance Hospital for the purpose of determining his competency to be sentenced. On March 18, 2015, a hearing was held on his post-sentence motions, which motions were denied. [Appellant] filed a timely appeal from the imposition of sentence upon him and was directed to file a concise statement of matters complained of on appeal. In that concise statement [Appellant] maintains that there was an insufficient colloquy with respect to the decision to allow him to represent himself. [Appellant] also maintains that [the trial court] abused its discretion in denying him the right to proceed without counsel to argue his post-sentence motions.

Trial Court Opinion, 6/11/2015, at 1-2.

On appeal to this Court, Appellant raises the same issues he presented in the court below: (1) whether he "is entitled to a new trial where the record does not reveal that a proper/adequate colloquy was conducted regarding [Appellant's] exercise of his right to represent himself, notwithstanding the appointment of standby counsel?", and (2) "Whether the Court of Common Pleas erred and/or abused its discretion in denying [his] post-sentence motion to represent himself and proceed without counsel?" Appellant's Brief at 4.

We address Appellant's first claim mindful of the following.

A criminal defendant's right to counsel is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 and Article V, Section 9 of the Pennsylvania Constitution. Alternatively, a criminal defendant has a well-settled constitutional right to dispense with counsel and to defend himself before the court. Deprivation of these rights can never be harmless.

Our Supreme Court mandates a probing colloquy to determine whether the defendant's waiver is knowing, voluntary and intelligent. The court must also inquire whether:

> (1) the defendant understands that he has the right to be represented by counsel, and the right to have free counsel if he is indigent; (2) the defendant understands the nature of the charges against him and the elements of each of those charges; (3) the defendant is aware of the permissible range of sentences and/or fines for the offenses charged; (4) the defendant understands that if he waives the right to counsel he will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules; (5) defendant understands that there are possible defenses to these charges which counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and (6) the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, the objection to these errors may be lost permanently.

In addition, it is incumbent on the court to fully advise the accused [of the nature and elements of the crime] before accepting waiver of counsel.

***Commonwealth v. Clyburn***, 42 A.3d 296, 298-300 (Pa. Super. 2012) (citations and quotation marks omitted); ***see also*** Pa.R.Crim.P. 121 (addressing the right to waive counsel and the appropriate colloquy for a criminal defendant who wishes to assert his or her right to self-representation).

Instantly, the trial court concedes, and the Commonwealth agrees, that "[i]n reviewing the record in this case … the record does not establish a sufficient colloquy with respect to the question of whether or not [Appellant]

could represent himself." Trial Court Opinion, 6/11/2015, at 3; Commonwealth's Brief at 6. The court notes that it was "cognizant" of the Rule and "believes that it did follow the dictates" of the Rule, but "the record for whatever reason does not contain that colloquy despite references in various proceedings about the need for such colloquy." *Id.* at 4. Our careful review of the certified record leads to the same conclusion. Consequently, we agree that the record does not show that Appellant was colloquied properly pursuant to Rule 121, and thus that he never made a knowing, intelligent, and voluntary waiver of counsel before trial. Accordingly, he is entitled to a new trial. *See Clyburn*, 42 A.3d at 302. Therefore, we vacate Appellant's judgment of sentence and remand for a new trial.[1]

Judgment of sentence vacated. Case remanded for a new trial. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2015

---

[1] In light of our disposition, we need not address Appellant's second issue.