J-A19045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                             :            PENNSYLVANIA
                                             :
              v.                                :
                                             :
                                             :
ROGER DEAN HORNBERGER                 :
                                               :
             Appellant                    :       No. 1485 WDA 2024

Appeal from the Judgment of Sentence Entered June 26, 2024
In the Court of Common Pleas of Clarion County Criminal Division at
No(s):  CP-16-CR-0000497-2023

BEFORE:  BOWES, J., STABILE, J., and BENDER, P.J.E.

MEMORANDUM BY BOWES, J.:            **FILED: OCTOBER 20, 2025**

Roger Dean Hornberger appeals from the judgment of sentence of twenty-one to forty-two months of incarceration, followed by one year of probation, imposed following his convictions for assault- and drug-related offenses.  We vacate the judgment of sentence and remand for a new trial.

This matter arises from a domestic violence call on September 3, 2023. Trooper John Ryan Herold of the Pennsylvania State Police responded to Appellant's house, where he and other troopers discovered that Appellant had fallen or jumped from the second story window.  Upon contact with Appellant outside, Trooper Herold saw that he was holding a red container filled with a white powdery substance, later identified as methamphetamine.  Instead of immediately detaining Appellant and placing him in a cruiser, the troopers called an ambulance to transport him to the hospital based on a complaint of

back pain. He was strapped to a stretcher in the back of the ambulance and fell asleep.

Once in motion, Tracy Finnefrach, a paramedic, began her diagnostics as Appellant awoke from his slumber. He suddenly broke free of his restraints, jumped up from the stretcher, and claimed that Ms. Finnefrach was trying to kill him. He eventually punched her once in the forehead and again in the jaw. The ambulance driver, Jayden Cornman, observed Appellant attacking Ms. Finnefrach. He tried to pull the vehicle over, but Appellant reached through the partition window and pulled on the collar of Mr. Cornman's shirt, restricting his breathing. Once the driver finally stopped the vehicle, Appellant jumped through the divider opening and exited the driver's side door. Troopers arrived shortly thereafter and transported him to the hospital in a patrol car.

Based on the aforementioned events, Appellant was charged with two counts of recklessly endangering another person, and one count each of aggravated assault, simple assault, resisting arrest, possession/use of drug paraphernalia, and possession of a controlled substance. Appellant neglected to appear at the pretrial conference. Consequently, the court issued a bench warrant and Appellant was arrested.

At the ensuing bench warrant hearing, the court inquired as to Appellant's failure to attend the pretrial conference, which he explained was a misunderstanding. The court also asked Appellant whether he intended to

represent himself at trial because he had been *pro se* since the inception of his case. He stated that he was not sure whether he was eligible for a public defender. If he was not so entitled, he claimed that he did not want to hire private counsel and would represent himself at trial. The Commonwealth informed the court that Appellant would be entitled to a public defender so long as he remained incarcerated. The court rescinded the warrant and released Appellant from prison, thus potentially ending his eligibility for a public defender. The following exchange transpired:

> THE COURT: Okay. So let me just – today, I need to go over some information with you to make sure that you're, you know, knowingly waiving your right to counsel if you do in fact proceed without an attorney for your jury selection and trial. Okay?
>
> So do you understand all of the charges that have been filed against you and the elements of those charges?
>
> [APPELLANT]: Yes, I do.
>
> THE COURT: Do you understand the range of sentences, fines, penalties, and other sanctions that could be imposed upon you if you were found guilty of these charges?
>
> [APPELLANT]: Yes, I do.
>
> THE COURT: Okay. And do you understand that you do have the right to represent yourself, if you so choose; however, if you do so, you're still going to be bound by all of the same rules and procedures that an attorney is bound by?
>
> [APPELLANT]: Yes, I do.
>
> THE COURT: Okay. Do you also understand there could be certain defenses to the charges filed against you or other pre-trial or rights that you have during trial that an attorney may be able to inform you of?

[APPELLANT]:     Yes, I do.

THE COURT:     Okay.  And do you understand that if you don't exercise those rights or raise those defenses in a timely manner, they could be permanently lost to you?

[APPELLANT]:     Yes, I do.

THE COURT:     Okay.  Okay.  So pending a, I guess, final approval from the public defender, if you are not approved for their services, do you intend to waive legal representation and proceed self-represented?

[APPELLANT]:     Yes, I do.

THE COURT:     Okay.  [Commonwealth], did you have any other questions for [Appellant] about his right to counsel or?

[COMMONWEALTH]:     . . . .  I just want to make sure that we have on the record that you're aware proceeding to trial, you would be proceeding to trial on all of the offenses that were charged.

That includes, there is an aggravated assault; a simple assault; three counts of – two counts of recklessly endangering another person; resisting arrest; and two possession of drug paraphernalia or possession of a controlled substance.  You're aware that those are the charges that you're facing?

[APPELLANT]:     Yes.

[COMMONWEALTH]:     Okay.  And you also, I believe that the offer that was made in the case was for the – if you had pled guilty to simple assault, the agreement would be they guarantee a county sentence, even though the standard guideline range could include state prison, you understand that as well?

[APPELLANT]:     Yes.

[COMMONWEALTH]:     And obviously, if you were to be convicted of the aggravated assault, you understand that's a felony offense and that the guidelines for that are in the [s]tate

- 4 -

[p]rison range, you understand that is a possible consequence you could have if you are convicted?

[APPELLANT]: Yes, I do.

[COMMONWEALTH]: Okay. I just wanted it on the record to make sure you understood what the charges were because I wouldn't want something to come back and to say you didn't understand anything but I – just getting that on the record for you. Okay?

N.T. Bench Warrant Hearing, 5/13/24, at 10-12.

The matter advanced to jury selection. Beforehand, during an on-the-record discussion in chambers, Appellant confirmed that he was proceeding *pro se* because he was not eligible for a public defender. At Appellant's request, the court appointed stand-by counsel for trial. In the interim, the Commonwealth shared surveillance footage of the incident with Appellant. He thereafter informed the court that he wished to enter into a plea, but he reconsidered and affirmed his desire to represent himself at the jury trial. Therein, Trooper Herold, the paramedics, Appellant's wife, Appellant, and his mother attested to the foregoing. The Commonwealth also played the surveillance footage. The jury convicted Appellant of all crimes, and the court later imposed the aforementioned sentence.[1] The court did not conduct any further colloquies regarding Appellant's waiver of his right to counsel following the one given at the bench warrant hearing.

_____

[1] The Commonwealth *nolle prossed* the charges of simple assault and resisting arrest.

Stand-by counsel entered his appearance on Appellant's behalf after sentencing. Appellant filed a counseled post-sentence motion, which the court denied. This timely appeal followed, and Appellant and the court complied with the requirements of Pa.R.A.P. 1925. He presents a single issue on appeal: "Whether the trial court erred by failing to conduct a thorough, on-the-record colloquy with [Appellant] regarding his right to counsel before allowing him to proceed *pro se* in his jury trial." Appellant's brief at 6 (some capitalization altered).

We begin with the applicable principles. The right to counsel is guaranteed by the Sixth Amendment to the United States Constitution and Article V, § 9 of the Pennsylvania Constitution. *See Commonwealth v. Issac*, 205 A.3d 358, 363 (Pa.Super. 2019). When a defendant wishes to waive this fundamental right, "the trial court is required to conduct, on the record, a full and complete waiver colloquy to determine whether the defendant's waiver is knowing, voluntary, and intelligent." *Commonwealth v. Forrester-Westad*, 282 A.3d 811, 817 (Pa.Super. 2022) (cleaned up). A court's failure to administer "a valid colloquy before allowing a defendant to proceed *pro se* constitutes reversible error," and renders "a defendant's waiver of counsel ineffective, even if the trial court appointed standby counsel." *Id*. (cleaned up). Additionally, the "[d]eprivation of the right to counsel, or the right to waive counsel, can never be harmless." *Commonwealth v. Philips*, 141 A.3d 512, 517 (Pa.Super. 2016).

- 6 -

The parameters of waiver-of-counsel colloquies are outlined in Rule 121, which states, in relevant part, as follows:

**(A)  Generally.**

(1) The defendant may waive the right to be represented by counsel.

(2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:

> (a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

> (b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

> (c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

> (d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

> (e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

> (f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

(3) The judge or issuing authority may permit the attorney for the Commonwealth or defendant's attorney to conduct the examination of the defendant pursuant to paragraph (A)(2).  The

judge or issuing authority shall be present during this examination.

Pa.R.Crim.P. 121.

Given the importance of the right to counsel and self-representation, this Court has held that we have "a duty to review, *sua sponte*, whether a defendant waived his or her right to counsel knowingly, voluntarily, and intelligently before proceeding in every critical stage of a criminal proceeding[.]" *Forester-Westad*, 282 A.3d at 816 (emphasis omitted). Among other events, trials, plea hearings, and sentencing hearings constitute critical stages. *Id*. at 816-17. This Court has also determined, however, that "once a defendant has made a competent waiver of counsel, that waiver remains in effect through all subsequent proceedings in that case absent a change of circumstances." *Phillips*, 141 A.3d at 521.

Appellant argues that the trial court failed to hold waiver-of-counsel colloquies at the pre-trial conference, jury selection, and trial.[2] *See* Appellant's brief at 9. He claims that since he did not receive a colloquy at each of these stages of his case, he did not knowingly, intelligently, or voluntarily waive the right to counsel. *Id*. at 10-11. Without discussion as to the adequacy of the colloquy at the bench warrant hearing, or

---

[2] Appellant recognizes that he was not present at the pre-trial conference, but nevertheless continues to assert that the court should have colloquied him at that time. *See* Appellant's brief at 10-11.

acknowledgement thereof, Appellant contends that "past waivers of counsel are not sufficient to establish waiver at later court dates." *Id*. at 10.

The trial court determined that it engaged in a proper waiver-of-counsel colloquy at the bench warrant hearing. *See* Trial Court Opinion, 1/28/25, at unnumbered 4. It explained that it was not clear whether Appellant was eligible for a public defender, and he "had been self-represented until that point in time[.]" *Id*. The court stated that the Commonwealth supplemented its colloquy with the "possible consequences if [Appellant was] found guilty of the charges." *Id*. Since Appellant "responded [that] he understood the charges and their consequences," the court concluded that he "knowingly, intelligently, and voluntarily waived his right to counsel at the bench warrant hearing." *Id*.

Implicit in the trial court's reasoning is that once it had given the colloquy at the bench warrant hearing, which it believed comported with Rule 121, Appellant's waiver of counsel remained in effect through all subsequent stages of his case. *See Phillips*, 141 A.3d at 521. For that theory to withstand scrutiny, however, the court's colloquy must have been satisfactory in the first instance. *See Commonwealth v. Johnson*, 158 A.3d 117, 122 (Pa.Super. 2017) (recognizing that the ongoing waiver rule created in *Phillips* applies only where the trial court has conducted an adequate on-the-record colloquy). Therefore, in accordance with our obligation, this Court must

ascertain whether Appellant intelligently waived his right to counsel at the bench warrant hearing. *See Forester-Westad*, 282 A.3d at 816.

To begin, we cannot agree that the trial court's colloquy was sufficient. Our decision in *Commonwealth v. Clyburn*, 42 A.3d 296 (Pa.Super. 2012), is apt. There, the appellant was given both written and oral waiver-of-counsel colloquies before proceeding *pro se* at trial. *Id*. at 301. The written colloquy "failed to specify the charges brought against [the a]ppellant and the elements of each of those charges." *Id*. at 301. Also, during the oral colloquy, the court ordered the Commonwealth to list "the various crimes with which [the a]ppellant had been charged and the grading of each of the offenses." *Id*. The Commonwealth complied, but it "failed to specify the nature and elements of each of those charges, as contemplated by Rule 121(A)(2)(b)." *Id*. In determining that the waiver was not valid, this Court stated that "neither in the written waiver of counsel form, nor in the oral colloquy did the trial judge or issuing authority elicit information from [the a]ppellant that adequately demonstrate[d] she understood the nature of the charges against her and the elements of each of those charges." *Id*.

In another similar scenario, *Commonwealth v. Bieber*, 239 A.3d 89, 2020 WL 4218816 (Pa.Super. 2020) (non-precedential decision), this Court relied upon *Clyburn* to conclude that the appellant's waiver of counsel was invalid. Relevantly, during the oral colloquy, the court asked the appellant: "Do you understand the nature of the charges and the elements of those

charges? Do you understand what it is the state has accused you of, and what it is they would have to prove if this case went to trial?" *Id*. at *1 (cleaned up). The appellant answered in the affirmative and confirmed that he reviewed the criminal information and complaint, which listed the charges and elements thereof. *Id*. Nevertheless, this Court held that "the colloquy was not penetrating or thorough enough to satisfy the dictates of Rule 121" because "the court failed to expressly mention that [the a]ppellant was charged with harassment offenses and failed to discuss the nature or elements of the firearms and harassment charges." *Id*. at *5.

Here, as in **Clyburn** and **Bieber**, the trial court fell short of the requirements of Rule 121(A)(2)(b). During the colloquy at the bench warrant hearing, the court merely questioned whether Appellant "underst[oo]d all of the charges that [were] filed against [him] and the elements of those charges[.]" N.T. Bench Warrant Hearing, 5/13/24, at 10. The court failed to list the specific crimes, explain the nature of the charges, and identify the elements that constitute those offenses. We appreciate the Commonwealth's effort to supplement the court's colloquy by reiterating the name of the assault- and drug-related charges brought against Appellant. However, the Commonwealth also neglected to articulate the nature of those crimes or the elements thereof. *Id*. at 11-12.

Additionally, the court omitted from the colloquy the "permissible range of sentences and/or fines for the offenses charged[.]" **See** Pa.R.Crim.P.

121(A)(2)(c). Like its inquiry regarding the nature and elements of the crimes, the court only questioned whether Appellant understood "the range of sentences, fines, penalties, and other sanctions that could be imposed upon [him] if [he] were found guilty of th[e] charges[.]" N.T. Bench Warrant Hearing, 5/13/24, at 10. Although the Commonwealth explained that Appellant could be sentenced to state imprisonment if convicted of aggravated assault, it failed to convey the minimum and maximum sentencing ranges and possible fines for each offense. *Id*. at 12. This was improper. *See* ***Commonwealth v. Griffin***, 292 A.3d 1123, 2023 WL 411398, at *8 (Pa.Super. 2023) (non-precedential decision) (concluding that, in addition to omitting from its colloquy the nature and elements of the charges, the court did not satisfy Rule 121 by failing to "accurately note the applicable sentencing ranges in any fashion").

Since the trial court's colloquy at the bench warrant hearing was inadequate, and the record is devoid of evidence that any additional colloquies were given at subsequent critical stages of Appellant's case, he did not knowingly, voluntarily, and intelligently waive his right to counsel. *See* ***Clyburn***, 42 A.3d at 301; ***Bieber***, 2020 WL 4218816, at *5. Based on the foregoing, we must vacate Appellant's judgment of sentence and his convictions and remand for a new trial. ***See Clyburn***, 42 A.3d at 302 (holding that "the failure to explain the elements of the charged crimes requires us to vacate the judgment of sentence" and remand for a new trial).

Judgment of sentence vacated. Case remanded for a new trial. Jurisdiction relinquished.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/20/2025